**UNITED STATES of America, Plaintiff-Appellee,**

v.

**Francis Martin GIANCOLA and Charles A. Pifer, II, Defendants-Appellants.**

**No. 84–3861.**

United States Court of Appeals, Eleventh Circuit.

Feb. 15, 1985.

Mark L. Horwitz, Orlando, Fla., for Giancola and Pifer.

Garry J. Stegeland, Asst. U.S. Atty., Orlando, Fla., Thomas E. Booth, U.S. Dept. of Justice, Washington, D.C., for plaintiff-appellee.

Before RONEY, HILL and ANDERSON, Circuit Judges.

PER CURIAM:

This emergency motion for bond pending appeal requires this court to consider for the first time the interpretation of the post-conviction release provision of the recently enacted Bail Reform Act of 1984, Pub.L. No. 98–473, § 203, 98 Stat.1981–82 (to be codified at 18 U.S.C. § 3143),[1] which sets forth a number of conditions that must be met before a district court may grant bail pending appeal. In this case, we are concerned with the meaning of the condition requiring that the appeal "raise[ ] a substantial question of law or fact likely to result in reversal or an order for a new trial."

## FACTS

Appellants, Francis Martin Giancola and Charles A. Pifer, II, were convicted in the United States District Court for the Middle District of Florida of two counts of conspiracy to defraud in violation of 18 U.S.C. § 371. They were sentenced to concurrent terms of five years imprisonment on each count. At sentencing, appellants requested bail pending appeal. The district court denied that request. The parties stipulate that the district court undertook to apply the requirements of the new Bail Reform Act and found that all of the conditions for granting bail were met,[2] except the condition that the appeal is "likely to result in reversal or an order for a new trial." The district court denied bail solely because that condition was not met.

## DISCUSSION

The post-conviction release provision of the 1984 Bail Reform Act provides:

(b) RELEASE OR DETENTION PENDING APPEAL BY THE DEFENDANT

The judicial officer [of a court of original jurisdiction over an offense, or of a Federal appellate court] shall order that a person who has been found guilty of an offense and sentenced to a term of imprisonment, and who has filed an appeal or a petition for writ of certiorari, be detained, unless the judicial officer finds—

(1) by clear and convincing evidence that the person is not likely to flee or pose a danger to the safety of any person or the community if released pursuant to sections 3142(b) or (c); and

(2) that the appeal is not for purpose of delay and raises a substantial question of law or fact likely to result in reversal or an order for a new trial.

If the judicial officer makes such findings, he shall order the release of the person in accordance with the provisions of sections 3142(b) or (c).

---

1. The Bail Reform Act of 1984 was a part of the Comprehensive Crime Control Act of 1984, which was enacted on October 12, 1984.

2. The district court found that neither appellant was likely to flee or pose any danger to the community. It also determined that the appeal raises a substantial issue of law.

All parties agree that the district court interpreted the requirement that the appeal "raise[ ] a substantial question of law or fact likely to result in reversal or an order for a new trial" to mean that a court may grant bail only if it finds that its own rulings are likely to be reversed on appeal. We hold that this is an incorrect interpretation of the statutory requirement.

In interpreting the statutory language at issue here, we are aided significantly by the thoughtful analysis of this provision by Judge Sloviter, writing for the Third Circuit in its recent decision *United States v. Miller*, 753 F.2d 19 (3d Cir.1985). In *Miller*, the Third Circuit addressed the same question raised in this case. That court rejected the interpretation adopted by the district court here, stating,

> we are unwilling to attribute to Congress the cynicism that would underlie the provision were it to be read as requiring the district court to determine the likelihood of its own error. A district judge who, on reflection, concludes that s/he erred may rectify that error when ruling on post-trial motions. Judges do not knowingly leave substantial errors uncorrected, or deliberately misconstrue applicable precedent. Thus, it would have been capricious of Congress to have conditioned bail only on the willingness of a trial judge to certify his or her own error.

*Id.* at 23.

■ We agree with the Third Circuit's reasoning. We, too, are unwilling to attribute to Congress the intention to deny bail pending appeal unless a district court judge found that he or she had committed error but was obstinately unwilling to grant a new trial or other relief to correct that error.

In *Miller*, the Third Circuit held that the proper interpretation of the provision was that it required, first, that the appeal raise a substantial question of law or fact, and, second, that "if that substantial question is determined favorably to the defendant on appeal, that decision is likely to result in reversal or an order for a new trial of all counts on which imprisonment has been imposed." *Id.* at 23, 24. The court defined a "substantial question" as "one which is either novel, ... has not been decided by controlling precedent, or ... is fairly doubtful." *Id.* at 23. The court further explained that "the likely to result in reversal" language

> must be read as going to the significance of the substantial issue to the ultimate disposition of the appeal. A question of law or fact may be substantial but may, nonetheless, in the circumstances of a particular case, be considered harmless, to have no prejudicial effect, or to have been insufficiently preserved. A court may find that reversal or a new trial is 'likely' only if it concludes that the question is so integral to the merits of the conviction on which defendant is to be imprisoned that a contrary appellate holding is likely to require reversal of the conviction or a new trial.

*Id.* at 23.

We think that the Third Circuit's interpretation effectuates congressional intent. The legislative history indicates that while Congress did not intend for the 1984 Bail Act to eliminate bail pending appeal,[3] it did intend to limit its availability. Specifically, Congress intended to reverse the presumption in favor of bail that existed under the prior statute, the Bail Reform Act of 1966. Under the 1966 Act, a defendant was entitled to bail even after conviction unless "the court or judge has reason to believe that no one or more conditions of relief will reasonably assure that the person will not flee or pose a danger to any other person or any other community" or "it appears that an appeal is frivolous or taken for delay." § 3(a), 80 Stat. 214, 215 (1966) (formerly codified at 18 U.S.C. § 3148). The burden was on the government to show that the convicted defendant should be detained. The 1984 Act was intended to

---

**3.** The Senate Report on the Act states that the post-conviction release provision "statutorily permit[s] release of a person ... while he is appealing." S.Rep. No. 225, 98th Cong., 1st Sess. at 26 (1983), *reprinted in* 1984 U.S.Code Cong. & Ad.News 1, 29 (Supp. 9A).

change the presumption so that the conviction is presumed correct and the burden is on the convicted defendant to overcome that presumption. S.Rep. No. 225, 98th Cong., 1st Sess. at 26 (1983), *reprinted in* 1984 U.S.Code Cong. & Ad.News 1, 29 (Supp. 9A).

The Third Circuit's interpretation effectuates this congressional intent since, under its interpretation, "a defendant seeking bail on appeal must show that his or her appeal has more merit than under the discarded 'frivolous' test, but ... the court[ ] [still has] discretion to give bail in those cases, which will consequently be considerably reduced in number, where [a] defendant can meet the criteria...." *Miller*, at 23–24. We, thus, agree with the Third Circuit's interpretation, though we add the following observations.

In *Miller*, the Third Circuit suggests that a "substantial question" is one that has not been decided by controlling precedent. We note that an issue may be without controlling precedent largely because that issue is so patently without merit that it has not been found necessary for it to have been resolved. Thus, an issue could well be insubstantial even though one could not point to controlling precedent. Similarly, there might be no precedent in this circuit, but there may also be no real reason to believe that this circuit would depart from unanimous resolution of the issue by other circuits.

■ In short, a "substantial question" is one of more substance than would be necessary to a finding that it was not frivolous. It is a "close" question or one that very well could be decided the other way. Further, there are no blanket categories for what questions do or do not constitute "substantial" ones.[4] Whether a question is "substantial" must be determined on a case-by-case basis.

■ To summarize, we adopt the Third Circuit's interpretation, subject to our brief observations on the definition of a "substantial question." Thus, under the 1984 Bail Act, a court must find the following four factors in order to grant bail pending appeal:

(1) that the defendant is not likely to flee or pose a danger to the safety of any other person or the community if released;

(2) that the appeal is not for purpose of delay;

(3) that the appeal raises a substantial question of law or fact; and

(4) that if that substantial question is determined favorably to defendant on appeal, that decision is likely to result in reversal or an order for a new trial of all counts on which imprisonment has been imposed.

We also observe that under the 1984 Act, the burden of establishing these factors is on the convicted defendant.

### RULING ON BAIL MOTION

Since the district court applied an incorrect standard, we vacate its order denying bail pending appeal. We remand to the district court to reconsider the issue of bail pending appeal in light of this opinion.[5]

**VACATED and REMANDED.**

---

**4.** We do note, however, that to be a "substantial question," it must be one which may properly be raised on appeal. The statute refers to "substantial question of law or fact." The appellate court reviews asserted errors of law. Inasmuch as some questions of law implicate a factfinding process, i.e. sufficiency of evidence, we interpret the words "question of ... fact" as referring to that kind of question.

**5.** Although the district court judge found that the appeal involved here raises a "substantial question," he did not have occasion to elaborate on his interpretation of that requirement. Since he may have interpreted "substantial" differently than we do here, the court may wish to review that finding on remand.