**UNITED STATES of America**

**v.**

**S. Sam CALDWELL, et al.**

**Cr. No. CR84–32AA.**

United States District Court,
N.D. Georgia,
Atlanta Division.

April 1, 1985.

See also, D.C., 594 F.Supp. 548.

Robert Stubbs, Jere Morehead, Asst. U.S. Attys., Atlanta, Ga., for plaintiff.

Theodore Worozbyt, Atlanta, Ga., for defendant.

## ORDER

ORINDA D. EVANS, District Judge.

This criminal case is before the court on Defendant's application for release of detention pending appeal. Oral argument on Defendant's application was held on March 28, 1985.

Pursuant to the recently enacted 18 U.S.C. § 3143, the court finds, by clear and convincing evidence, that Mr. Caldwell is not likely to flee or pose a danger to the safety of any other person or the community if released. The court also finds that the appeal is not for the purpose of delay. However, the court does not find that the appeal raises a substantial question of law or fact which, if determined adversely to the government, would likely result in reversal or an order for a new trial.

In *United States v. Giancola,* 754 F.2d 898 (11th Cir.1985), the Court of Appeals discussed what constitutes a "substantial question of law or fact" under § 3143(b)(2). A "substantial question" is one of more substance than would be necessary to a finding that it was not frivolous. Also, it involves a "close" question or one that very well could be decided the other way. Whether a question is "substantial" must be determined on a case-by-case basis. *Id.*

Several of Caldwell's grounds for appeal address evidentiary rulings. While the court does not regard these grounds as frivolous, and notes that this is a circumstantial evidence case, it still cannot find that these are "close" questions. A trial judge is vested with a fair degree of discretion in making evidentiary rulings during trial. *Worsham v. A.H. Robins Co.,* 734 F.2d 676, 680 (11th Cir.1984).

The contested rulings regarding the sufficiency of the evidence to support a guilty verdict and regarding possible juror misconduct are not substantial issues. That this case is a circumstantial evidence case is the only factor which keeps the insufficient evidence argument from being frivolous. The juror misconduct issue (which challenges the court's refusal to permit counsel to cross-examine jurors either during the trial or thereafter concerning whether any of the jurors had prematurely determined the issue of guilt) is of a higher degree of substantiality than that of mere non-frivolity, but it still does not reach the level of a substantial issue. The factual context involved here (anonymous phone call suggesting that jurors had decided the Defendant's guilt before the evidence had closed; a credible denial by the implicated juror at an in-chambers conference with the judge; no suggestion that extrinsic influence had been brought to bear on any jurors) gave the court some discretion in determining whether to grant counsel the right to cross examine jurors. *Compare United States v. Brantley,* 733 F.2d 1429, 1439–40 (11th Cir.1984) *with United States v. Sedigh,* 658 F.2d 1010, 1013–14 (5th Cir. 1981), *cert. denied,* 455 U.S. 921, 102 S.Ct. 1279, 71 L.Ed.2d 462 (1982).

The issue of the court's refusal to give Caldwell's requested jury instructions on mail fraud (instead of those submitted by the government) is a "substantial question" due to a possible conflict in binding decisions of the Court of Appeals of the Fifth and Eleventh Circuits. However, under *Giancola, supra,* the mere presence of a substantial issue on appeal is insufficient to grant release pending appeal. The court must also look to see whether a ruling adverse to the government on the substantial issue would result in reversal or an order for a new trial. In this case, Caldwell was given concurrent sentences on all counts, including the mail fraud charges. Therefore, even if the convictions on the mail fraud counts were reversed, it would not necessarily require a new trial on the other counts. In fact, the Court of Appeals might even choose not to consider the validity of the convictions on the mail fraud counts under the concurrent sentence doctrine. *See United States v. Fuentes-Jimenez,* 750 F.2d 1495 (11th Cir.1985). In the court's opinion, it is not likely that reversal on the mail fraud counts would result in the requirement of a new trial on other counts. The most damaging evidence against Caldwell was admissible as to other counts of the indictment.

Finally, Defendant argues that the recently enacted § 3143 should not be applied to his request for release because the criminal conduct for which he was convicted occurred prior to the enactment of that statutory section. This ex post facto claim is without merit for the reasons set forth in *United States v. Miller*, 753 F.2d 19, 21 (3d Cir.1985).

Defendant's application for release of detention pending appeal is hereby DENIED. Defendant's request for voluntary surrender is hereby GRANTED and Defendant Caldwell is hereby ORDERED to surrender as directed and designated by the Attorney General of the United States.