**UNITED STATES of America, Plaintiff,**

v.

**Joseph Maria ANDRADE, Defendant.**

**Crim. No. 3–84–65.**

United States District Court,
D. Minnesota,
Third Division.

April 10, 1985.

James M. Rosenbaum, U.S. Atty., Thomas B. Heffelfinger, Asst. U.S. Atty., Minneapolis, Minn., for Government.

Ronald I. Meshbesher, Meshbesher, Singer & Spence, Minneapolis, Minn., for defendant.

### ORDER

DEVITT, District Judge.

This matter was heard on March 18, 1985, on defendant's motion for release pending appeal, pursuant to 18 U.S.C. § 3143(b). Defendant was convicted on November 21, 1984, on eleven counts of wire fraud, mail fraud and conspiracy to defraud. He was sentenced to serve fifteen months in the custody of the Attorney General of the United States and began serving the sentence on February 21, 1985.

The Bail Reform Act of 1984, 18 U.S.C. § 3143(b) requires that a person who has been convicted and sentenced to a term of

imprisonment be detained unless the court finds

(1) by clear and convincing evidence that the person is likely to flee or pose a danger to the safety of any other person or the community if released pursuant to section 3142(b) or (c); and

(2) that the appeal is not for purpose of delay and raises a substantial question of law or fact likely to result in reversal or an order for a new trial.

\* \* \* \* \* \*

18 U.S.C. § 3143(b).

The only issue before us is whether or not defendant's appeal raises a substantial question of law or fact likely to result in reversal or a new trial. 18 U.S.C. § 3143(b)(2).

The government opposes defendant's motion on the grounds that the issues raised on appeal are not substantial nor are they likely to result in reversal or an order for a new trial if the issues are resolved in defendant's favor on appeal. We agree.

██ We apply the two-step analysis of § 3143(b)(2) recently adopted by courts of appeals in two circuits: *United States v. Miller*, 753 F.2d 19 (3rd Cir.1985) and *United States v. Giancola*, 754 F.2d 898 (11th Cir.1985). The analysis requires, first, a determination of whether a question on appeal is "substantial," and, if so, whether the substantial question is sufficiently important to the merits that a contrary appellate ruling is likely to require reversal or a new trial. *United States v. Miller, supra*, 753 F.2d at 23: *United States v. Giancola, supra*, 754 F.2d at 900.

The *Miller* court defined a "substantial" question as one which is "either novel, ... has not been decided by controlling precedent, or ... is fairly doubtful." *United States v. Miller, supra*, 753 F.2d at 23. The term was further defined in *Giancola* to mean a question which is not frivolous: "[i]t is a 'close' question or one that very well could be decided the other way." *United States v. Giancola, supra*, 754 F.2d at 901.

██ Assuming an issue raised on appeal is "substantial," it is "likely" to result in reversal or a new trial only if it is so integral to the merits of the conviction that it is more probable than not that reversal of the conviction will occur if the question is decided in defendant's favor. *United States v. Miller, supra*, 753 F.2d at 23; *United States v. Giancola, supra*, 754 F.2d at 900 (citing *Miller* with approval).

Defendant asserts that the following two issues raised on appeal are substantial and likely to result in reversal or a new trial:

1) the prosecutor's use of peremptory challenges to exclude all black veniremen from the jury violated defendant's Sixth Amendment right to an impartial jury;

2) the admission in evidence, over his objection, of an FBI agent's notes constituted error in the admission of inadmissible hearsay evidence.

These issues, raised in the course of the trial of this case, were briefed and argued by counsel for the parties. We persist in our earlier rulings.

██ The exclusion of two black prospective jurors was not a discriminatory use of peremptory challenges and, thus, did not racially taint the jury panel selected. As set forth in the affidavit of Thomas B. Heffelfinger, Assistant United States Attorney, one prospective juror was struck from the jury panel because he lived in the same neighborhood as a man to whom a large number of the fraudulent airline tickets in this case were mailed. The government exercised its peremptory challenge to strike the juror because it was reasonably concerned that he might be familiar with this case or have a bias against the government. The other black prospective juror was a woman who had previously been represented by defendant's attorney, Ronald Meshbesher, in a criminal matter. Mr. Heffelfinger stated by affidavit that he felt her prior relationship with defense counsel would prejudice the government. Thus, both prospective jurors were struck for reasons unrelated to race.

In light of the facts of this case, defendant has failed to establish that the striking

of two black prospective jurors constitutes a substantial issue on appeal. Defendant has not made a prima facie showing that the government misused its peremptory challenges under the analyses of *Swain v. Alabama,* 380 U.S. 202, 85 S.Ct. 824, 13 L.Ed.2d 759 (1965), or, more recently, *McCray v. Abrams,* 750 F.2d 1113 (2nd Cir.1984).

■ The second issue raised on appeal is similarly not substantial. Defendant contends the court erred in admitting into evidence FBI Agent Jimmie Brown's handwritten three-page summary of his interview with defendant because the notes were inadmissible as hearsay evidence. He argues the contents of the notes were devastating to his claimed innocence and unwitting participation in the airline ticket scheme. The notes were admitted during the government's re-direct examination of Agent Brown and after the parties submitted written legal memoranda on the issue.

The notes were introduced by the government to rebut an implication created during the agent's cross-examination that the agent lied on direct examination in stating that defendant admitted during the interview that he was suspicious of the ticket scheme. Defense counsel had attempted to make similar allegations of fabrication during the cross-examinations of two previous government witnesses, Detective Salitros and Investigator Berry who were also present during the interview with defendant. Detective Salitros stated on cross-examination that defendant had not admitted to knowing the ticket scheme was wrong or to agreeing to gather credit card numbers for Walter Little. On the contrary, Investigator Berry testified that he remembered defendant making the admissions during the interview. Defense counsel suggested that Investigator Berry and Agent Brown "compared notes" in order to fabricate an incriminating recitation of the interview.

During the cross-examination of Agent Brown, defense counsel continued to attack the accuracy of the written interview notes by suggesting either that Agent Brown's memory was poor or that he was lying.

We are satisfied that the notes were not hearsay. The Federal Rules of Evidence provide that a statement is not hearsay if:

*(1) Prior statement of Witness.* The declarant testifies at trial or hearing and is subject to cross-examination concerning the statement, and the statement is ... (B) consistent with his testimony and is offered to rebut an express or implied charge against him of recent fabrication....

Rule 801(d)(1), Fed.R.Evid. Under the facts of this case, the notes of Agent Brown also were not mere repetition excludable under Fed.R.Evid. 403.

Neither the admission of the notes nor the exclusion of black prospective jurors involved questions that were "fairly doubtful" or were close questions which "very well could be decided the other way." *United States v. Giancola, supra,* 754 F.2d at 901. Given the lack of substantiality, we need not discuss the likelihood of reversal on these issues. Nevertheless, we note that under the facts of this case, it is not probable that a contrary appellate ruling would require reversal or a new trial.

Based on the foregoing analysis and the files, records and proceedings in this case,

IT IS ORDERED that defendant's motion for release on appeal pursuant to 18 U.S.C. § 3143(b) is DENIED.