780 F.2d 1024
 Unpublished Disposition
NOTICE: Sixth Circuit Rule 24(c) states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Sixth Circuit.
(The decision of the Court is referenced in a "Table of Decisions Without Reported Opinions" appearing in the Federal Reporter.)
UNITED STATES OF AMERICA, Plaintiff-Appellee,
v.
BARBARA GILKEY ZACKERT, Defendant-Appellant.
 85-5547, 85-5605
 United States Court of Appeals, Sixth Circuit.
 11/7/85
 
 DISMISSED IN PART-DENIED IN PART
 M.D.Tenn.
 ORDER
 BEFORE: MARTIN, JONES and CONTIE, Circuit Judges.
 
 
 1
 This matter is before the Court on the motions of appellee to dismiss the appeal from the denial of bail pending sentencing as moot (Case No. 85-5547). Appellant responded in opposition thereto and moved the Court for bail pending appeal (Case No. 85-5605).
 
 
 2
 The appeal in Case No. 85-5547 was prosecuted from the district court's denial of bail pending sentencing. By a previous order entered by this Court, this appeal was remanded to the district court for findings as required by The Bail Reform Act, 18 U.S.C. Sec. 3142. The district court made specific findings on remand. However, appellant has now been sentenced, thereby rendering this appeal moot. Accordingly, it will be dismissed.
 
 
 3
 The appeal in Case No. 85-5606 was prosecuted from the final judgment and commitment finding appellant guilty of violating 21 U.S.C. Sec. 952(a) (importing cocaine) and 21 U.S.C. Sec. 843(b) (use of the mail to facilitate importation of cocaine). The district court denied appellant bail pending appeal and she now seeks bail pending appeal in this Court.
 
 
 4
 In disposing of appellant's motion for bail pending appeal, recent case law suggests that the following criteria must be established by a defendant before bail will be granted pending appeal:
 
 
 5
 1) that the defendant is not likely to flee or pose a danger to the safety of any other person or the community if released;
 
 
 6
 2) that the appeal is not for purpose of delay;
 
 
 7
 3) that the appeal raises a substantial question of law or fact; and
 
 
 8
 4) that if the substantial question is determined favorably to defendant on appeal, that decision is likely to result in reversal of an order for a new trial of all counts on which imprisonment has been imposed.
 
 
 9
 United States v. Miller, 753 F.2d 19, 24 (3d Cir. 1985); United States v. Giancola, 754 F.2d 898, 901 (11th Cir. 1985); United States v. Affleck, 765 F.2d 944, 952 (10th Cir. 1985). See also Rule 9(a), Federal Rules of Appellate Procedure, 18 U.S.C. Sec. 3143.
 
 
 10
 Upon consideration of the motion for bail pending appeal, the record and the briefs, the Court concludes that appellant has not established that bail should be granted. Accordingly, the motion for bail pending appeal will be denied.
 
 
 11
 For the foregoing reasons, it is ORDERED that the appeal in Case No. 85-5547 be dismissed as moot. It is further ORDERED that the motion for bail pending appeal in Case No. 85-5605 be and hereby is denied.