830 F.2d 194
 Unpublished Disposition
NOTICE: Sixth Circuit Rule 24(c) states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Sixth Circuit.
UNITED STATES of America, Plaintiff-Appellant,
v.
Charles Ray THOMPSON, Defendant-Appellee.
 No. 87-5579
 United States Court of Appeals, Sixth Circuit.
 September 30, 1987.
 
 ORDER
 Before MERRITT, KRUPANSKY and DAVID A. NELSON, Circuit Judges.
 
 
 1
 After a jury trial, the defendant was convicted of conspiracy to provide inmates of a federal correctional facility with drugs, 18 U.S.C. Sec. 371, distributing a controlled substance, 21 U.S.C. Sec. 841(a)(1), aiding and abetting, 18 U.S.C. Sec. 2, and unlawfully and intentionally using a communication facility in the commission of a felony, 21 U.S.C. Sec. 843(b). The government appeals from the order allowing the defendant to remain on bond pending appeal of his conviction. Pursuant to the procedure outlined in a prior unpublished order of this Court, see United States v. Watts, 86-5282/5625, slip op. at 8, n. 4 (6th Cir. Jan. 13, 1987) (per curiam) (unpublished), the government now moves to expedite consideration of the release issue. The parties have fully briefed the question of bail pending appeal.
 
 
 2
 Because the issue of release will become moot upon consideration of the merits of the defendant's conviction, expeditious review is warranted. Further, since the facts and legal arguments are adequately presented in the briefs and record, we will consider the bail question without oral argument. Rule 9(b)(3), Rules of the Sixth Circuit.
 
 
 3
 Under Rule 9(c), Federal Rules of Appellate Procedure, the decision regarding bail pending appeal shall be made in accordance with the Bail Reform Act of 1984, 18 U.S.C. Sec. 3143. Section 3143(b) provides for the detention of a convicted defendant unless the court finds that: 1) he is not likely to flee or pose a danger to the community (a finding that can only be made by clear and convincing evidence); and 2) the appeal is not for the purpose of delay and raises a substantial question of law or fact likely to result in reversal. The burden of proof lies with the defendant, and if the court finds against him on any one of these criteria, he will be detained. See United States v. Miller, 753 F.2d 19, 24 (3rd Cir. 1985); United States v. Giancola, 754 F.2d 898, 901 (11th Cir. 1985), cert. denied, 107 S.Ct. 881 (1987); United States v. Affleck, 765 F.2d 944, 952 (10th Cir. 1985).
 
 
 4
 The government argues only that the defendant failed to prove that the appeal raises a substantial question of law or fact likely to result in reversal. In an attempt to satisfy this requirement, the defendant asserts that the district court erred in not requiring the government to disclose its reasons for peremptorily challenging black jurors and that the evidence presented at trial was insufficient to prove his guilt beyond a reasonable doubt.
 
 
 5
 If a defendant makes a prima facie showing that the government exercised its peremptory challenges to remove veniremen from the petit jury on account of their race, the government must rebut the prima facie case of discrimination by asserting a neutral explanation for challenging black jurors. Batson v. Kentucky, 106 S.Ct. 1712, 1723 (1986). In the present case the defendant failed to make a prima facie showing of discrimination because five (5) blacks actually served on the jury. Therefore, the district court did not err when it did not require the government to disclose its reasons for peremptorily challenging black jurors.
 
 
 6
 Further, upon de novo consideration of the record and briefs, we determine that there is no substantial question as to the sufficiency of the evidence to support the defendant's conviction. See United States v. Pollard, 778 F.2d 1177, 1182 (6th Cir. 1985).
 
 
 7
 Because the defendant has failed to demonstrate that this appeal raises a substantial question of law or fact likely to result in reversal,
 
 
 8
 It is ORDERED that the district court's order of May 6, 1987, permitting the defendant to remain on bond pending appeal, is hereby vacated. Mandate shall issue immediately.