UNITED STATES of America

v.

**Leigh Ona HALL and Ronald Shears.**

**No. 89–0071–CR.**

United States District Court,
S.D. Florida.

May 10, 1991.

Bruce Lowe, Asst. U.S. Atty., Miami, Fla., for plaintiff.

William Matthewman, Coral Gables, Fla., for defendants.

ORDER GRANTING DEFENDANT HALL'S MOTION FOR RELEASE [BOND] PENDING APPEAL AND DENYING AS MOOT HALL'S MOTION FOR IMMEDIATE RELEASE PENDING DETERMINATION OF MOTION

ATKINS, Senior District Judge.

THIS CAUSE comes before the court on defendant Leigh Ona Hall's October 12, 1990 Motion for Release [Bond] Pending Appeal and her April 3, 1991 Motion for Immediate Release Pending Determination of Motion for Release [Bond] Pending Appeal. Upon consideration of the motions, the Report and Recommendation on the former motion, the defendant's objections, the supplemental memoranda, and the relevant rules and caselaw, it is

ORDERED AND ADJUDGED that defendant Leigh Ona Hall's Motion for Bond Pending Appeal is GRANTED in the amount of $100,000 personal surety. It is further

ORDERED AND ADJUDGED that defendant's Motion for Immediate Release Pending Determination of Motion for Release Pending Appeal is DENIED as moot.

## BACKGROUND

On March 15, 1990 following a jury trial presided over by U.S. District Judge Thomas Scott, defendants Leigh Ona Hall and Ronald Shears were convicted of conspiracy to possess with intent to distribute at least 100 kilograms of marijuana. After appealing their convictions, both defendants filed motions for release pending appeal. Pursuant to an order of reference, on November 1, 1990 U.S. Magistrate Peter Palermo held a hearing on the motions, which he orally denied at the close of the hearing. Magistrate Palermo found that the defendants had satisfied three of the four requirements of 18 U.S.C. § 3143(b): that they pose no risk of flight (a factor conceded by the government), that their appeals are not for purpose of delay, and that their appeals raise a substantial question of law or fact. However, the Magistrate determined that the defendants had not satisfied the fourth requirement—the "substantial burden of showing that the appeal is 'likely to result in reversal or an order for a new trial.'" Report and Recommendation on Defendants' Motion for Release Pending Appeal, dated January 4, 1991, at 1–2 (quoting 18 U.S.C. § 3143(b)(2)(A)–(B)).

On December 14, 1990, Ms. Hall objected to the Magistrate's recommendation. On January 17, 1991, this court overruled the objections as moot, based on the fact that both Ms. Hall's and Mr. Shears' appeals to the Eleventh Circuit Court of Appeals had been dismissed effective December 10, 1990. On January 28, 1991, however, Ms. Hall's appeal was reinstated by the Eleventh Circuit, effective January 7, 1991.

Accordingly, on March 22, 1991, this court vacated its order overruling her objections. The present record suggests that Mr. Shears' appeal has not been reinstated and that Mr. Shears has not objected to the Magistrate's recommendation. Accordingly, only the Magistrate's recommendation regarding Ms. Hall's motion for release pending appeal is presently before the court. Ms. Hall began serving her five year sentence on November 5, 1990.[1]

On March 22, 1991 this court directed counsel for Ms. Hall and the government to file additional memoranda addressing the following questions:

> (1) whether defendant's appeal, particularly the alleged *Franks* and *Miranda* violations, raises a substantial question of law or fact; and (2) whether, if any such substantial question is determined favorably to defendant on appeal, that decision is likely to result in reversal or an order for a new trial of all counts on which imprisonment has been imposed.

Order Directing Filing of Additional Memoranda at 2 (citation, footnote and quotation omitted). As explained in that order, even though the Magistrate found that defendant's appeal raises a substantial question, because the magistrate did not identify the substantial question, this court is required to revisit that determination as a necessary prerequisite to determining whether any such question, if determined in Ms. Hall's favor, would result in reversal or an order for a new trial. Ms. Hall filed her supplemental memorandum on April 3, 1991; the government submitted its memorandum on April 16, 1991. Finally, on April 3, 1991, Ms. Hall filed a motion for immediate release pending determination of the motion for release pending appeal.

## THE BAIL REFORM ACT

The portion of the Bail Reform Act of 1984 which controls the issue of bond pending appeal, 18 U.S.C. § 3143(b), provides the following in pertinent part:

> The judicial officer shall order that a person who has been found guilty of an offense and sentenced to a term of imprisonment, and who has filed an appeal or a petition for a writ of certiorari, be detained, unless the judicial officer finds—
>
> [1] by clear and convincing evidence that the person is not likely to flee or pose a danger to the safety of any other person or the community if released ... and
>
> [2] that the appeal is not for the purpose of delay and [3] raises a substantial question of law or fact [4] likely to result in reversal or an order for a new trial.
>
> If the judicial officer makes such findings, he shall order the release of the person in accordance with the provisions of sections 3142(b) or (c).

*Id.* "[T]he burden of establishing these factors is on the convicted defendant." *United States v. Giancola*, 754 F.2d 898, 901 (11th Cir.1985), *cert. denied*, 479 U.S. 1018, 107 S.Ct. 669, 93 L.Ed.2d 721 (1986).

As noted above, the Magistrate found that defendant Hall had established three of the four factors: that she poses no risk of flight (a factor conceded by the government), that her appeal is not for purpose of delay, and that it raises a substantial question of law or fact. However, the Magistrate determined that the defendant had not met the fourth requirement—the "substantial burden of showing that the appeal is 'likely to result in reversal or an order for a new trial.'" Report and Recommendation, dated January 4, 1991, at 1–2 (quoting 18 U.S.C. § 3143(b)(2)(A)–(B)). The defendant objects to this finding on the basis that the Magistrate erroneously required a showing that her appeal *will* result in reversal or a new trial, rather than the lesser showing that *if* the appeals court resolves a "substantial question" in her favor, a reversal or new trial will result. Defendant Hall's Objections to Report and Recommendation at 2.

---

**1.** On June 15, 1990, Judge Scott recused himself from the case based on the fact that a daughter of Mr. Shears was employed by a law firm with which Judge Scott had been discussing employment opportunities. The post-trial aspects of the case, including sentencing and the present inquiry, were reassigned to this court.

The defendant contends that substantial questions are presented by the following appealed rulings: (1) the court's failure to require the government to produce for trial the confidential informant, who had served as attorney for Ms. Hall's codefendant; (2) the trial court's refusal to permit her to cross-examine or otherwise confront the confidential informant and present evidence about his history, drug usage and other matters; (3) the court's denial of Ms. Hall's motion to dismiss the indictment or alternatively to suppress evidence based on the government's violations of defendant's attorney-client privilege and constitutional rights; (4) the court's denial of her motion to suppress her admission, confession and statements taken in violation of her constitutional rights; (5) the trial court's failure to fully inform Ms. Hall as to her right to separate, conflict-free counsel where both defendants were represented by one trial counsel; and (6) the government's failure to inform the magistrate who signed a search warrant that the confidential informant involved in this case was an attorney for Mr. Shears. Defendant Hall's Motion for Release Pending Appeal, October 12, 1990 at 2–3.

"Whether a question is 'substantial' must be determined on a case-by-case basis." *Giancola*, 754 F.2d at 901. " 'The construction of the words "substantial question" is itself a substantial question.' " *United States v. Hicks*, 611 F.Supp. 497, 499 (S.D.Fla.1985) (quoting *Herzog v. United States*, 75 S.Ct. 349, 350, 99 L.Ed. 1299 (1955)). The Eleventh Circuit has defined a "substantial question" as "one of more substance than would be necessary to a finding that it was not frivolous. It is a 'close' question or one that very well could be decided the other way." *Giancola*, 754 F.2d at 901. In sum, the court's present inquiry is to determine not whether Ms. Hall will prevail on the merits of her appeal, but rather whether her appeal presents a question "which is either novel, ... has not been decided by controlling precedent, or ... is fairly doubtful." *Id.* at 900 (quotation omitted).

## SUBSTANTIAL QUESTIONS

The court agrees with Magistrate Palermo that Ms. Hall's appeal presents a "substantial question" within the meaning of the Bail Reform Act of 1984. The Eleventh Circuit's interpretation of such a "substantial question" appears to encompass at least two issues raised by defendant on appeal: (1) whether the trial court erred by denying defendants' motion to suppress based on the fact that the affidavit filed in support of the search warrant failed to mention certain material facts, such as that the confidential informant relied upon had previously served as a lawyer to Ms. Hall's codefendant Mr. Shears; and (2) whether the defendant's sixth amendment right to adequate representation of counsel was violated by conflicts arising from the lawyer's representation of both defendants.

### *Franks Issue*

For a warrant to issue, there must be probable cause that an offense has been committed and that evidence exists at the place for which a warrant is sought. *United States v. Strauss*, 678 F.2d 886, 892 (11th Cir.), *cert. denied*, 459 U.S. 911, 103 S.Ct. 218, 74 L.Ed.2d 173 (1982). Probable cause exists if facts within the magistrate's knowledge and of which he has reasonably trustworthy information would warrant a person of reasonable caution to believe that a crime was committed and that evidence is at the place to be searched. *Id.* Ms. Hall asserts that the omission of three items from the search warrant affidavit—the fact that the informant supplying the information, Nicholas Mascioli, had previously served as a lawyer to codefendant Shears; the fact that the alleged "marijuana" found on defendants' property was "ditchweed," a common weed which grows wild in Nebraska; and any specific statement that the informant had previously proven to be reliable—caused the warrant to be sufficiently untrustworthy so as to violate *Franks v. Delaware*, 438 U.S. 154, 98 S.Ct. 2674, 57 L.Ed.2d 667 (1978). The omission of this information violated *Franks* if the omission was both intentional and material to the magistrate's determination of reliability. *Strauss*, 678 F.2d at 893; *see also United*

*States v. Ofshe*, 817 F.2d 1508, 1513 (11th Cir.), *cert. denied*, 484 U.S. 963, 108 S.Ct. 451, 98 L.Ed.2d 391 (1987).

■ The trial court in the present case apparently found no *Franks* violation because it did "not perceive or find any deception by the government in this instance." Order dated June 6, 1989 (docket no. 37) (order denying motion to suppress based on alleged *Franks* violation). Although this court is of the opinion that the trial court made the correct ruling, whether the omissions from the affidavit were intentional and material to the magistrate's determination of reliability appears to be a question "of more substance than would be necessary to a finding that it was not frivolous." *Giancola*, 754 F.2d at 901; *cf.* Order dated June 6, 1989 (docket no. 37) (stating that "the more cautious approach by the government would have been to identify Mascioli as a former lawyer to Shears in the affidavit); *Ofshe*, 817 F.2d at 1513 (finding immaterial to reliability determination omission of informant's criminal background where affidavit included statement of 12–years of credible dealings between agent and informant). Based on this court's research, the facts of the appeal—particularly the omission of the fact that Mascioli had served as Mr. Shears' lawyer—make this issue "novel." *Giancola*, 754 F.2d at 900. Thus, the *Franks* issue is a "substantial question" within the meaning of the Bail Reform Act of 1984.

### Sixth Amendment Issue

The second substantial question presented by the appeal is whether defendant's sixth amendment right to effective assistance of counsel was violated by the fact that the same lawyer represented her and her codefendant. "To establish a sixth amendment violation, [defendant] must demonstrate both that an actual conflict of interest existed and that such conflict adversely affected the adequacy of [her] rep-

resentation." *Smith v. White*, 815 F.2d 1401, 1404 (11th Cir.), *cert. denied*, 484 U.S. 863, 108 S.Ct. 181, 98 L.Ed.2d 133 (1987). An actual conflict of interest exists if defendant can "make a factual showing of inconsistent interests ... and demonstrate that the attorney made a choice between possible alternative courses of action." *Id.* (quotation omitted). Ms. Hall alleges, *inter alia*, that the government came to the defendants' lawyer several times before trial to tell him the government would dismiss her from the indictment if she testified against Mr. Shears. *See* Defendant's April 3, 1991 Memorandum at 8 (citing Transcript of September 21, 1990 Sentencing Hearing at 14 & 42). Defendant also alleges that she was never apprised of these offers. *See id.* at 9.

■ These record references, combined with defendant's assertion that she was never informed of the offer, constitute a sufficient showing that defendant's trial attorney had inconsistent interests and that, when faced with the choice whether to inform defendant of the government's offer, he chose a course of action contrary to Ms. Hall's interests.[2] Consequently, sufficient actual conflict has been shown. Based on the fact that a lawyer providing adequate representation would have informed defendant of the government's offer, it easily follows that the lawyer's choosing not to inform defendant of the government's offer deprived her of adequate representation. Thus, defendant's sixth amendment issue is "one of more substance than would be necessary to a finding that it was not frivolous." *Giancola*, 754 F.2d at 901. Based on this court's review of the facts and the law, it is a question that could go either way. *See id.* at 900. Thus, the defendant's sixth amendment issue also presents a substantial

---

**2.** Based on the present record, the court is unable to verify defendant's assertion that she was never apprised of the government's offer. The court notes, however, that its present inquiry is not to make an ultimate determination on the merits, but rather to determine whether the question presents a substantial question.

question within the meaning of the Bail Reform Act of 1984.[3]

## RESULT OF APPELLATE RULINGS IN DEFENDANT'S FAVOR

Having determined that the defendant's appeal presents at least two substantial questions, the court must determine whether defendant meets the final requirement for release pending appeal—a showing that the appeal is "likely to result in reversal or an Order for a new trial." 18 U.S.C. § 3143(b)(2)(A)–(B). The Eleventh Circuit has interpreted this as requiring a determination whether the issue found to present a substantial question "is critical enough to the defendant's conviction that a contrary appellate ruling would warrant a reversal." *Hicks,* 611 F.Supp. at 499. The court finds that both substantial questions are sufficiently critical.

If the appellate court determines the *Franks* issue in Ms. Hall's favor, then the search warrant will be invalidated. *See Ofshe,* 817 F.2d at 1513. Such invalidation would almost certainly taint both the evidence seized pursuant to the warrant and defendant's statements regarding the evidence seized pursuant to the warrant, the primary basis for defendant's sole conviction for conspiracy to possess with intent to distribute marijuana. Thus, it appears that the *Franks* issue "is critical enough to the defendant's conviction that a contrary appellate ruling would warrant a reversal." *Hicks,* 611 F.Supp. at 499.

Likewise, the potential sixth amendment violation is critical to the conviction. If the Eleventh Circuit determines that the conflict of interest presented by the lawyer's representation of both defendants denied Ms. Hall adequate representation, she will be entitled to a new trial. Thus, the fourth requirement of the Bail Reform Act of 1984—that a ruling in defendant's favor is "likely to result in reversal or an Order for a new trial," 18 U.S.C. § 3143(b)(2)(A), (B) —is also satisfied with respect to defendant's sixth amendment claim.

## CONCLUSION

In light of the foregoing, it is

**3.** This court recognizes that the trial court held a *Garcia* hearing. Such a hearing, however, did not relieve defense counsel of the obligation to

ORDERED AND ADJUDGED that defendant Leigh Ona Hall's Motion for Bond Pending Appeal is GRANTED in the amount of $100,000 personal surety. It is further

ORDERED AND ADJUDGED that defendant's Motion for Immediate Release Pending Determination of Motion for Release Pending Appeal is DENIED as moot.

DONE AND ORDERED.

inform Ms. Hall of any offers made by the government.