UNITED STATES of America, Plaintiff,

v.

Mark M. JACKSON, and Robert Martinez, Jr., Defendants.

No. 94–40001–01/02–SAC.

United States District Court, D. Kansas.

Dec. 23, 1994.

## MEMORANDUM AND ORDER

CROW, District Judge.

The case comes before the court on the defendants' motions for bail pending appeal. (Dks. 218 and 225). On August 22, 1994, the jury returned its verdict finding the defendants guilty of one count of conspiracy to defraud the United States in violation 18 U.S.C. § 371, fifteen counts of bribery of a public official in violation of 18 U.S.C. § 201(b)(1)(A), and fifteen counts of aiding and abetting the unlawful supplementation of a federal employee's salary in violation of 18 U.S.C. §§ 2 and 209. On December 12, 1994, the court imposed a sentence on the defendant Mark M. Jackson of thirty-four months imprisonment, supervised release, a fine and assessment. On the same day, the court imposed a sentence on the defendant Robert Martinez, Jr. of thirty months imprisonment, supervised release, a fine and assessment. Both defendants filed notices of appeal and moved for bail pending appeal. The government opposes bail.

■ A convicted defendant sentenced to a term of imprisonment must be detained pending appeal unless the court finds: (1) that the defendant is not likely to flee; (2) that the defendant is not a danger to the community; (3) that the appeal is not for purposes of delay; and (4) that the appeal raises a substantial question of law or fact likely to result in reversal or in an order either requiring a new trial or significantly reducing the length of the sentence. 18 U.S.C. § 3143(b)(1); *see United States v. Affleck*, 765 F.2d 944, 953 (10th Cir.1985). A defendant must prove the first two elements by clear and convincing evidence, but the last two can be proved by an ordinary preponderance of the evidence. *United States v. Affleck*, 765 F.2d at 953 n. 15.

The court does not believe that either defendant poses a flight risk or a danger to the community. The manner and effort already expended in defense of them belie any notion that the defendants' appeals are for delay purposes. The court, however, does not find that the defendants are able to prove the last element of a substantial question.

 There is no precise standard for deciding when a question is "substantial." [1] General guidelines exist, but the determination ultimately rests on the facts of each case. *Affleck*, 765 F.2d at 952. A substantial question is more than non-frivolous; it is a close question that is either fairly debatable or fairly doubtful. *Id.* In other words, it is a question " 'that very well could be decided the other way.' " *Id.* (quoting *United States v. Giancola*, 754 F.2d 898, 901 (11th Cir. 1985)). A novel question or a question of first impression in this circuit may be substantial, unless plainly meritless or easily resolved from other circuits' case law. *Affleck*, 765 F.2d at 952. This definition of "substantial question" is consistent with the intent behind the Bail Reform Act of 1984 of making bail pending appeal the exception, not the rule. *See United States v. Powell*, 761 F.2d 1227, 1232 (8th Cir.1985).

 The defendant Jackson argues he raised substantial questions in his motion for new trial. Specifically, Jackson points to the issue of the Bowling Green evidence and the court's instructions on the use of that evidence. The court's order denying Jackson's motion for new trial thoroughly addresses these arguments. (Dk. 201). Among other things, the court held that "[t]he Bowling Green dealings between Martinez and Garcia and Jackson's knowledge of the same plainly qualify as intrinsic evidence within established case law." (Dk. 201 at 20). On the jury instruction arguments regarding the Bowling Green dealings, the court said that "[a] plain reading of all the jury instructions shows the defendants' arguments lack substance." (Dk. 201 at 23). Consistent with that order, the court reiterates that the defendant Jackson's arguments in support of

his motion for new trial are not close questions that very well could be decided the other way.

 The defendant Martinez also refers back to his motion for new trial. He singles out the court's failure to grant a mistrial after the government elicited improper testimony from Oscar Perez and the court's limitation of Rose Martinez's testimony concerning her conversations with Louis Garcia. Both issues are fully discussed in the court's order denying the defendant Martinez's motion for new trial. (Dk. 201). Specifically, the court held there was no prejudicial error, as Perez's comment was unsolicited, his testimony was stricken, and the jury was instructed to consider only admitted evidence. Perez's comments are not an arguable instance where the taint is so great that the court's curative acts are a nullity. As for Rose Martinez's testimony, the defendants have not advanced an applicable hearsay exception for her excluded testimony. Moreover, the defendant Martinez is unable to argue prejudice because the same evidence was admitted through his own testimony. The court does not consider either evidentiary issue to be fairly doubtful or fairly debatable.

The defendants have not identified in their motions for bail pending appeal any substantial question of law or fact which they intend to make an issue in their appeals. Accordingly, the defendants have not carried their burden of proof so as to justify their release on bail pending appeal pursuant to § 3143(b).

IT IS THEREFORE ORDERED that the defendant Jackson's motion (Dk. 218) and the defendant Martinez's (Dk. 225) motion for bail pending appeal are denied.

---

1. As used in § 3143(b)(1)(B), " 'substantial' defines the *level of merit* required in the question presented and 'likely to result in reversal or an order for a new trial' defines the *type of question* that must be presented." *United States v. Handy*, 761 F.2d 1279, 1280 (9th Cir.1985).