[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT

_____

No.  20-10954
Non-Argument Calendar

_____

D.C. Docket No. 5:08-cr-00040-RH-GRJ-1

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

versus

CHRISTOPHER SHAUN LAMAR,
a.k.a. BLEED,

Defendant-Appellant.

_____

Appeal from the United States District Court
for the Northern District of Florida

_____

(September 9, 2020)

Before GRANT, LUCK and FAY, Circuit Judges.

PER CURIAM:

Christopher Shaun Lamar, a federal prisoner proceeding *pro se*, appeals the

district court's denial of his post-judgment "notice of want of jurisdiction."  He

contends that the government lacked standing to prosecute him in 2008 and that the

district court lacked jurisdiction to incarcerate him following his conviction in 2013. The government has responded by moving for summary affirmance and to stay the briefing schedule. Lamar, in opposing the government's motion, has asked the Court to order his release on bond pending his appeal, which we construe as a motion for bond pending appeal.

Summary disposition is appropriate either where time is of the essence, such as "situations where important public policy issues are involved or those where rights delayed are rights denied," or where "the position of one of the parties is clearly right as a matter of law so that there can be no substantial question as to the outcome of the case, or where, as is more frequently the case, the appeal is frivolous." *Groendyke Transp., Inc. v. Davis*, 406 F.2d 1158, 1162 (5th Cir. 1969).

We review jurisdictional issues de novo. *United States v. Lopez*, 562 F.3d 1309, 1311 (11th Cir. 2009). Section 3231 of Title 18 of the United States Code states:

> The district courts of the United States shall have original jurisdiction, exclusive of the courts of the States, of all offenses against the laws of the United States.

> Nothing in this title shall be held to take away or impair the jurisdiction of the courts of the several States under the laws thereof.

18 U.S.C. § 3231.

Under 28 U.S.C. § 2255, a federal prisoner may move to vacate his convictions if, among other things, they have been unconstitutionally obtained. 28

2

U.S.C. § 2255.  The Antiterrorism and Effective Death Penalty Act, Pub. L. No. 104-132, 110 Stat. 1214 (1996), restricts a federal prisoner's ability to file a successive § 2255 motion, however, and requires the prisoner to obtain prior authorization before filing such a motion.  28 U.S.C. § 2244(b)(3)(A).  The district court lacks jurisdiction to consider an unauthorized second or successive petition.  *Farris v. United States*, 333 F.3d 1211, 1216 (11th Cir. 2003).

In 2015, Lamar filed his first § 2255 motion to vacate, raising grounds not relevant to the present appeal.  Subsequently, the district court reduced Lamar's total sentence to 240 months of imprisonment, under Amendment 782 to the United States Sentencing Guidelines.  The district court then denied Lamar's motion to vacate with prejudice.  Lamar appealed, but we denied him a certificate of appealability.  Subsequently, Lamar filed numerous post-judgment motions that the district court ultimately denied.[1]

A defendant seeking release on bond during the pendency of his appeal must show that: (1) he is not likely to flee if released; (2) he is not likely to pose a danger to the community if released; and (3) his appeal raises a substantial question of law or fact likely to result in a reversal or an order for a new trial.  18 U.S.C. § 3143(b); *United States v. Giancola*, 754 F.2d 898, 899-901 (11th Cir. 1985).

---

[1] Lamar appealed only one of the district court's orders denying a post-judgment motion, which we subsequently affirmed.

Here, the district court correctly denied Lamar's "notice of want of jurisdiction," which it deemed to be a motion to dismiss his 2013 criminal judgment for lack of jurisdiction.  Lamar's indictment charged him with conspiracy to distribute and possess with intent to distribute more than 50 grams of cocaine base, more than five kilograms of cocaine, and marijuana, and possession with intent to distribute more than 500 grams of cocaine and more than 50 grams of cocaine base, which are "offense[s] against the laws of the United States."  18 U.S.C. § 3231.  The district court exercised its jurisdiction under § 3231 and conducted a criminal trial on the charges against Lamar.  Thus, the district court had jurisdiction to impose a judgment against Lamar and sentence him to concurrent terms of imprisonment.  *Id.*

Additionally, the potential relief that Lamar could seek would be available only in a successive § 2255 motion, but Lamar has not sought leave to file a successive § 2255 motion.  As such, the district court lacked jurisdiction to entertain his assertion that it lacked jurisdiction to conduct his criminal proceeding, and it correctly denied his "notice" because Lamar did not have the requisite authorization to file a successive § 2255 motion.  28 U.S.C. § 2244(b)(3)(A); *Farris*, 333 F.3d at 1216.

Lastly, Lamar has failed to establish that he is entitled release on bond pending the disposition of the instant appeal.  18 U.S.C. § 3143(b); *Giancola*, 754 F.2d at 899-901.  Indeed, he did not articulate any of the required grounds for showing that

4

he was entitled to bond in his response to the government's motion for summary affirmance. In any event, because the government's position is clearly correct as a matter of law, Lamar's request for bond is moot.

Because there is no substantial question that the district court correctly denied Lamar's post-judgment "notice," we GRANT the government's motion for summary affirmance. *See Groendyke Transp., Inc.*, 406 F.2d at 1162. Accordingly, we DENY the accompanying motion to stay the briefing schedule as moot, and we DENY Lamar's motion for bond pending appeal.