**UNITED STATES of America**

v.

**Edward Patrick KENNEY.**

**Crim. No. 84–00007–01–P.**

United States District Court,
D. Maine.

Feb. 26, 1985.

Joseph H. Groff, III, Asst. U.S. Atty., Portland, Me., for plaintiff.

Daniel G. Lilley, Portland, Me., for defendant.

## MEMORANDUM AND ORDER ON MOTION FOR RELEASE ON BAIL PENDING APPEAL

GENE CARTER, District Judge.

### I.

Before the Court is Defendant's motion, filed on February 11, 1985, for release on bail pending appeal. Defendant was convicted of the offense of conspiracy to possess a substantial quantity of cocaine with intent to distribute, in violation of 21 U.S.C. § 846, by jury verdict on December 17, 1984. On February 11, 1985, the Court

imposed a sentence of incarceration for a period of ten (10) years. Defendant was at large on bail throughout the proceedings and up to the time of imposition of sentence in the amount of Thirty Thousand Dollars ($30,000) secured by a cash deposit of Three Thousand Dollars ($3,000). Subsequent to sentencing, the Court revoked the Defendant's bail and remanded the Defendant to the custody of the United States Marshal, pursuant to the applicable provisions of the Bail Reform Act of 1984, Pub.L. No. 98–473, § 203, 98 Stat. 1981–82 (to be codified at 18 U.S.C. § 3143(b). Defendant seeks by the present motion to be admitted to bail pending appeal.

## II.

Defendant first argues that his application for bail must be governed by the pertinent provisions of the Bail Reform Act of 1966, 18 U.S.C. § 3148. He contends that since the 1984 Act did not become effective until October 12, 1984, on its signing by the President, its terms may not govern his admission to bail because the offense of which he stands convicted was committed prior to the date. Application of the later Act, he asserts, is barred by the *ex post facto* clause of the United States Constitution, Art. I, § 9, Cl. 3; *see* Art. I, § 10, Cl. 1.

■ This claim cannot succeed. The constitutional provisions cited apply only to laws which impose "punishment." *United States v. Miller*, 753 F.2d 19 (3d Cir.1985); *see Weaver v. Graham*, 450 U.S. 24, 29, 101 S.Ct. 960, 964, 67 L.Ed.2d 17 (1981). Those provisions do not bar application of changes in criminal process. *Dobbert v. Florida*, 432 U.S. 282, 97 S.Ct. 2290, 53 L.Ed.2d 344 (1977). The device of bail in criminal proceedings is not utilized as a method of punishment. Rather, it is an instrument of criminal process designed to secure the appearance of the defendant before the court. A denial of bail serves the same purpose where the court finds that less intrusive limitations on the defendant are not sufficient to that end. The Bail Reform Act of 1984 in § 3143(b)

promulgates a change in the standard for admission to, or denial of, bail pending appeal and accomplishes a reversal of the burden of proof where bail is sought. *Miller*, 753 F.2d at 22. The application of the provisions of this section to a defendant convicted after October 12, 1984, of an offense occurring prior thereto is not prohibited by the *ex post facto* clauses. *Id.*, at 21–22. The Court of Appeals for this Circuit has sanctioned such application of the 1984 Act. *United States v. Cresta*, Crim. No. 85–1010 (1st Cir. Feb. 20, 1985). Therefore, section 3143(b) is the statutory provision which governs this Defendant's admission to bail in this case.

## III.

■ Title 18 U.S.C. § 3143(b) of the 1984 Act provides as follows:

RELEASE OR DETENTION PENDING APPEAL BY THE DEFENDANT—The judicial officers shall order that a person who has been found guilty of an offense and sentenced for a term of imprisonment and who has filed an appeal or a petition for a writ of certiorari be detained, unless the judicial officer finds—

(1) by clear and convincing evidence that the person is not likely to flee or pose a danger to the safety of any other person or the community if released pursuant to § 3142(b) or (c); and

(2) that the appeal is not for purpose of delay and raises a substantial question of law or fact likely to result in reversal or an order for a new trial.

If the judicial officer makes such findings he shall order the release of the person in accord with the provisions of § 3142(b) or (c).

The Defendant has not here carried his burden of proving that he is not likely to flee. The record in this case shows him to be presently unemployed. He is subject to execution of a ten-year prison term imposed herein, and he is scheduled to go to trial on March 4, 1985, on a second indictment charging him with a separate offense of conspiracy to violate 21 U.S.C. § 846. If

convicted in that case, he will face an additional term of incarceration of fifteen years and a fine of twenty-five thousand dollars.

The evidence adduced at trial displays a course of personal use of cocaine and of trafficking in cocaine in one pound and kilogram quantities over several months during 1984. The codefendant in this case is a fugitive, having failed to appear for trial. The Defendant has shown no objective indicia of rehabilitation.

Against these baleful circumstances, defense counsel urges the Court to set the facts (1) that the Defendant has always appeared before the Court whenever ordered to do so; (2) that he has no significant record of criminal offenses prior to the conduct giving rise to this prosecution; (3) that he owns a home in Portland, Maine; and (4) that he has self-proclaimed, close family ties. Even if it be assumed that these facts are well proven, they would not, taken together, constitute clear and convincing evidence that he will not flee if admitted to bail pending appeal. The risk he now faces is much enhanced over that which he faced prior to trial or even prior to sentencing. He had, prior to trial, some level of belief that he would prevail at trial. That provided a counterbalancing incentive to appear for trial, for to fail to do so would be to wholly forfeit the opportunity to prevail at trial. Even prior to sentencing, he could hope for leniency. Now he faces the certainty of a ten-year term of incarceration, subject only to his success on appeal.

Secondly, any indicia of reliability to be found in the Defendant's conduct prior to the events of 1984 which resulted in. this conviction, are fully negated by the social irresponsibility and lack of personal character shown by his continued course of trafficking in substantial amounts of cocaine in 1984. Whatever his remote past demonstrates about respect for the law and responsible citizenship is undone wholly by the gravity of his conduct in the immediate past.

Further, (under all the circumstances) the Defendant's alleged pecuniary interest in his house and his reputed close ties to his family cannot fairly be said to overcome the risk that he may come to perceive his personal, long-term interests in his liberty as more important. He may view those liberty interests as best served by not facing both the relative certainty of execution of the ten-year prison term already imposed and trial in the separate case.

Finally, the latter three factors on which the Defendant relies are not demonstrated by any evidence, but are put forth only as the arguments or representations of counsel. Although his concern for an aged mother is displayed in the presentence investigation report, it is based only on his unconfirmed representations made to the probation officer who prepared the report. He is divorced, so his marital obligations will raise little, if any, impediment to his flight. His children are grown. He is unemployed. Although his former wife professes concern for the Defendant, her testimony at trial displays a pecuniary interest in some $14,000 seized from the Defendant's safe deposit box in the course of the DEA investigation in this case. Her testimony discloses a possible interest in the Defendant's residence, and the presentence report indicates that the residence is owned jointly by the Defendant and his former wife.

The Court concludes that the Defendant has not demonstrated by clear and convincing evidence that he is unlikely to flee, and is further convinced that no restriction short of revocation of his bail is reasonably likely to secure his appearance in answer to the judgment of this Court upon resolution of the appeal.

### IV.

■ The Court has also reviewed the four points presently specified on the pending appeal and is satisfied that they do not raise substantial questions of law or fact likely to result in reversal or an order for a new trial. 18 U.S.C. § 3143(b)(2). The Court interprets the statute to require on such review that the Court be satisfied that the appeal raises a substantial issue, that

is, a colorable and choate claim of trial error, which is of such significance to the adjudication of the Defendant's guilt as to require reversal if found to exist. *See United States v. Miller, supra,* at 23. This Court gave careful consideration to each of the points raised by the Defendant on the appeal and fully explicated its findings and rationale in ruling against the Defendant on each of them. The Court is not persuaded, even allowing for some degree of judicial tunnel vision, that any of the points is likely to result in a finding on appeal of the existence of trial error.

Accordingly, for the foregoing reasons, the Defendant's motion to be admitted to bail pending appeal is DENIED.

So ORDERED.