UNITED STATES of America

v.

Rocco DiMAURO.

Crim. No. 85–00009–01–B.

United States District Court, D. Maine.

July 30, 1985.

Timothy C. Woodcock, Asst. U.S. Atty., Bangor, Me., for U.S.

William N. Palmer, Bangor, Me., for defendant.

## MEMORANDUM AND ORDER ON MOTION FOR RELEASE ON BAIL PENDING APPEAL

GENE CARTER, District Judge.

### I.

Before the Court is Defendant's Application for Bail Pending Appeal From a Judgment of Conviction, filed on July 12, 1985. Defendant was convicted by a jury verdict returned on April 11, 1985, of the offense of aiding and abetting, pursuant to 18 U.S.C. § 2, the offense of possession with intent to distribute approximately 7.5 grams of cocaine in violation of 21 U.S.C. § 841(a)(1). On July 3, 1985, the Court imposed a sentence of incarceration for a period of five (5) years to be followed by a mandatory special parole term of three (3) years. Defendant was at large on bail throughout the proceedings and up to the time of imposition of sentence. At the

conclusion of the sentencing on July 3, 1985, the Court revoked the Defendant's bail on the Government's motion and remanded the Defendant to the custody of the United States Marshal, pursuant to the applicable provisions of the Bail Reform Act of 1984, Pub.L. No. 98–473, § 203, 98 Stat. 1981–82 (codified at 18 U.S.C. § 3143(b)). The denial was without prejudice to the Defendant's right to make a further request, on written submissions pursuant to the Local Rules, seeking release on bail pending appeal. The Defendant seeks once again by the present application to be admitted to bail pending appeal. Notice of appeal was timely filed on July 6, 1985.

The offense of which this Defendant stands convicted was committed on November 29, 1984, subsequent to the effective date of the Bail Reform Act of 1984, a part of the Comprehensive Crime Control Act of 1984, which was enacted into law on October 12, 1984. The provisions of the 1984 Act apply to the determination of the pending application for bail pending appeal. *See United States v. Miller*, 753 F.2d 19, 21 (3d Cir.1985); *United States v. Kenney*, 603 F.Supp. 936, 938 (D.Me.1985) (holding that the bail provisions of the 1984 Act apply to defendants convicted of offenses occurring before October 12, 1984, but convicted and sentenced after that date).

## II.

■ Title 18 U.S.C. § 3143(b) provides as follows:

RELEASE OR DETENTION PENDING APPEAL BY THE DEFENDANT—The judicial officer shall order that a person who has been found guilty of an offense and sentenced to a term of imprisonment, and who has filed an appeal of a petition for a writ of certiorari, be detained, unless the judicial officer finds—

(1) by clear and convincing evidence that the person is not likely to flee or pose a danger to the safety of any other person or the community if released pursuant to section 3142(b) or (c); and

(2) that the appeal is not for purpose of delay and raises a substantial question of law or fact likely to result in reversal or an order for a new trial.

If the judicial officer makes such findings he shall order the release of the person in accord with the provisions of section 3142(b) or (c).

Under this statutory formulation, the Defendant now has the burden of proving, on an application to be released on bail pending appeal, four elements which have been defined as follows:

(1) that the defendant is not likely to flee or pose a danger to the safety of any other person or the community if released;

(2) that the appeal is not for purpose of delay;

(3) that the appeal raises a substantial question of law or fact; and

(4) that if that substantial question is determined favorably to defendant on appeal, that decision is likely to result in reversal or an order for a new trial of all counts on which imprisonment has been imposed.

*United States v. Miller*, 753 F.2d at 24; *United States v. Giancola*, 754 F.2d 898, 901 (11th Cir.1985).

### A.

As to the first element, the burden of proof assigned to the Defendant by the statute is that of proof by "clear and convincing evidence." 18 U.S.C. § 3143(b)(1); *United States v. Kenney*, 603 F.Supp. at 938–39. The Court finds that the Defendant has not here carried his burden of proving by clear and convincing evidence that he is not likely to flee nor has he proven that he will not cause a danger to the community if enlarged on bail.

The evidence adduced at trial displays that this Defendant played a very significant role in assisting the codefendant Sousa in committing the distribution offense. The evidence reflects that the codefendant Sousa, who pleaded guilty and testified against the Defendant at trial, was a close

personal friend of the Defendant for many years. It is clear from the evidence that Sousa enlisted the Defendant's aid in obtaining transport to Maine for Sousa's purpose of completing the prearranged transaction concerning the drugs in Maine, and that he did so on the basis of his friendship with the Defendant. At the time of the transaction, the evidence shows, the Defendant played an active role in dividing the cocaine and weighing the portion to be distributed to the Government's informant, Christianson, and a codefendant, Scott LaCombe, who was fatally wounded by gunfire on the evening before he was to appear before this Court for sentence.

The Defendant at the time of the transaction also engaged in discussions about the future supplying of cocaine and gave a knowledgeable dissertation to the parties then present on the subject of the quality of the cocaine that would be forthcoming in the future.

Against these circumstances, defense counsel urges the Court to set the facts (1) that the Defendant has not failed to appear before the Court whenever requested to do so; (2) that the Defendant is a long-time resident of Melrose, Massachusetts, where he has lived in the past with his mother and father; (3) that the Defendant and his wife now live in Everett, Massachusetts with their eighteen-month-old son at a location alleged to be approximately five miles from his childhood home and family; (4) that the Defendant has significant family contacts with the Melrose/Everett area; (5) that the Defendant's parents are willing to place bail liens on their real property to secure his release pending appeal; (6) that the Defendant has no record of felony convictions except that presently under appeal; (7) that the Defendant has previously satisfied a two-year term of probation; and (8) that the Defendant has employment available to him as a roofer, to which he would return pending the result on appeal.

■ Even if it be assumed that these facts are well proven, they would not, taken together, constitute clear and convincing evidence that he will not flee if admitted to bail pending appeal. As this Court has previously noted in the *Kenney* case:

> The risk he now faces is much enhanced over that which he faced prior to trial or even prior to sentencing. He had, prior to trial, some level of belief that he would prevail at trial. That provided a counter-balancing incentive to appear for trial, for to fail to do so would be to wholly forfeit the opportunity to prevail at trial. Even prior to sentencing, he could hope for leniency. Now he faces the certainty of ... [incarceration for a term of five years], subject only to his success on appeal.

*United States v. Kenney*, 603 F.Supp. at 939.

Secondly, as noted in the *Kenney* case, any "indicia of reliability" to be garnered from the Defendant's conduct prior to his involvement in the events giving rise to this present offense "are negated by the social irresponsibility and lack of personal character" demonstrated by his relapse into cocaine trafficking after having had the experience of being convicted in the Massachusetts state court on April 14, 1981, of possession of cocaine and having served a two-year term of incarceration. The written Presentence Investigation Report shows that this conviction resulted from Defendant's sale of two grams of cocaine to a police undercover agent. The Defendant's reputation for responsibility, whatever it may be, prior to these events, is wholly undone by the gravity of his conduct in resuming cocaine trafficking. Further, the evidence produced at trial justifies the inference that this Defendant has been involved at some level of significance in an ongoing course of trafficking in cocaine. His knowledgeability about the quality of cocaine and his close friendship and association with his codefendant, Sousa, reflect, in the view of the Court, a strong likelihood that the events which led to his conviction here were but part of a continuing series of drug transactions. The factors pointed to by defense counsel do not refute in a clear and convincing manner conclusions that are justified by

the evidence with respect to the likely motivations of this Defendant not to appear for service of a substantial period of incarceration should the appeal be unsuccessful nor that this Defendant would be unlikely to continue to trade in narcotics in the event he were to be enlarged upon bail. Narcotics trading is recognized to be conduct of the most qualitatively harmful kind to the interests of society. Courts interpreting various provisions of the Bail Reform Act of 1984 have held that the likelihood of continued trafficking in narcotics constitutes a danger to the community. *United States v. Payden,* 598 F.Supp. 1388, 1398 (S.D.N.Y.1984); *United States v. Aiello,* 598 F.Supp. 740, 744 (S.D.N.Y.1984).

■ Accordingly, the Court concludes that this Defendant has not demonstrated by clear and convincing evidence that he is unlikely to flee. The Court is further convinced that no restriction short of revocation of his bail is reasonably likely to secure his appearance in answer to the judgment of this Court upon resolution of the appeal. Likewise, the Court concludes that the Defendant has not demonstrated by clear and convincing evidence that he is unlikely to engage in narcotics trafficking during the period that he might be enlarged upon bail and that, in the absence of such a showing, he does pose a danger to the community if released pending appeal.

### B.

The Government here generates no issue as to the second element upon which Defendant bears the burden of proof, that is, that the appeal is not pursued for purpose of delay. The Government states, "the Government is prepared to accept defense counsel's representation that the instant appeal is not taken for the purpose of delay." Response of United States to Defendant's Application for Release Pending Appeal at 7 (unnumbered). Accordingly, it is not necessary for the Court to address this issue, there being no evidence to the contrary before the Court.

### C.

■ Next, the statute requires that the appeal raise "a substantial question of law or fact." The teaching of *Miller, supra,* is that the Court is not to assess the likelihood that the Defendant will prevail on an issue pending appeal. *United States v. Miller,* 753 F.2d at 23. The statute "cannot reasonably be construed to require the district court to predict the probability of reversal." *Id.* It is required that the Court determine whether any issue raised in the appeal raises a "significant question ... which is either novel, which has not been decided by controlling precedent, or which is fairly doubtful." *Id.* This is a more burdensome requirement than that set out in the 1966 Act that the Court determine whether the issue is "frivolous." *Id.* Put another way:

In short, a "substantial question" is one of more substance than would be necessary to a finding that it was not frivolous. It is a "close" question or one that very well could be decided the other way.

*United States v. Giancola,* 754 F.2d at 901. The substantiality of a question raised on appeal must be determined on a case-by-case basis. *Id.*

Only two issues are generated on this appeal as it is presently filed: (1) whether the evidence adduced at trial was sufficient to sustain the conviction, and (2) whether prejudicial error was committed by the Court's evidentiary ruling permitting certain government witnesses to utilize transcripts of tape recordings made at the time of the transaction in question to refresh their recollections as to the words used by the various parties to the transaction. With respect to this last issue, it is the Defendant's contention that these witnesses' "improper testimony that their recollections resulted, in part, from a tape in the Government's possession bolstered their credibility, doing substantial harm to the Defendant's defense." Application for Bail Pending Appeal from a Judgment of Conviction, at 3.

■ The Court is fully satisfied that the Defendant's deficiency of the evidence argument raises no issue of any substantiality whatever. The evidence adduced against this Defendant was clear, unequivocal, and was compelling in its weight. On appeal this evidence will be reviewed in the light most favorable to the Government. *Glasser v. United States,* 315 U.S. 60, 80, 62 S.Ct. 457, 469, 86 L.Ed. 680 (1942). The evidence need not exclude every reasonable hypothesis so long as the totality of the evidence permits a conclusion of guilt beyond a reasonable doubt. *United States v. Miller,* 589 F.2d 1117, 1137 (1st Cir.1978), *cert. denied,* 440 U.S. 958, 99 S.Ct. 1499, 59 L.Ed.2d 771 (1979). It clearly does so. The Court is fully satisfied that the evidence adduced at trial will withstand such an analysis on appeal.

■ Considering the second issue, the Court is likewise convinced that it is not one that generates substantial questions. It is well established that on the laying of the proper foundation, a witness may be permitted to use anything which the witness says will refresh his recollection as to the events to which he testifies. *United States v. Rappy,* 157 F.2d 964, 967 (2d Cir.1946) ("Anything may in fact revive a memory: a song, a scent, a photograph, an allusion, even a past statement known to be false."). The character of the documents so utilized, here a transcript made from a tape recording of the conversation of the participants at the time of the transaction in question, does not prohibit the utilization of the document for purposes of refreshing a witness' recollection. Even were that to be the case, no discrete objection was made by defense counsel on that basis to the utilization of the transcript. To the extent that the document utilized by the witness is claimed to be in error, that is a legitimate arena for cross-examination and, according to the Court's recollection, without benefit of a transcript, the accuracy of the transcript was the subject of cross-examination. In any event, a wit-

ness' recollection as refreshed by any document is properly the subject of cross-examination, and the inaccuracy of the document used for refreshment purposes is a matter which goes to the weight, not to the admissibility, of the witness' testimony as refreshed.

Accordingly, the Court concludes that neither of the issues generated in the pending appeal raise substantial questions within the meaning of 18 U.S.C. § 3143(b)(2).

#### D.

Finally, the Court is to determine if a resolution of a substantial question on the appeal in favor of the Defendant "is likely to result in reversal or an order for a new trial of all counts on which imprisonment has been imposed." *United States v. Miller,* 753 F.2d at 24. This language goes to "the significance of the substantial issue to the ultimate disposition of the appeal." *Id.* at 23. As the Court in *Miller* further observed, "a question of law or fact may be substantial but may, nonetheless, in the circumstances of a particular case, be considered harmless, to have no prejudicial effect, or to have been insufficiently preserved." *Id.* The question at inquiry is whether the issue "is so integral to the merits of the conviction on which defendant is to be imprisoned that a contrary appellate holding is likely to require reversal of the conviction or a new trial." *Id.; see also United States v. Giancola,* 754 F.2d at 901.

■ Here, there is no need for the Court, in order to dispose of the pending Application at the present stage, to consider this fourth element since the Court has concluded that neither of the issues generated on appeal are substantial. In the interest of completeness in its findings, for purposes of appellate review, however, the Court will state its view on the subject. Clearly, if the Defendant's argument of insufficiency of the evidence were to be resolved in his favor, that result would mandate either a judgment of acquittal or a new trial. The

papers presently before the Court, however, do not specifically identify those aspects of the evidence which the Defendant contends to be insufficient to support the conviction. In the absence of such a showing, the Court is without any ability to evaluate the impact upon the result of the appellate proceeding of the specific insufficiencies which Defendant contends to exist in the evidence. Defendant bears the burden of making such a showing in order to succeed on the Application. 18 U.S.C. § 3143(b).

With respect to the latter appellate issue concerning the refreshment of the recollection of some of the Government's witnesses, the Court is fully satisfied that, even if Defendant should prevail on that issue, the result would not require a new trial or result in a mandate of reversal. The Court is persuaded that the narrow contours of the complaint of the Defendant in this respect required specific preservation of the issue. Such preservation at trial did not occur. Finally, that portion of the witness' testimony which was not the subject of refreshment by the use of the transcript, was more than sufficient to justify a jury in reaching a conclusion that a transaction in cocaine occurred at the time and place in question and that this Defendant did in fact aid and abet in the completion of that transaction in violation of the law. If nothing else, the evidence clearly shows that he did assist in weighing out and dividing the cocaine that was involved in the transaction. For that reason, resolution of any claimed deficiency in the recollection of the witnesses as to what was said on that occasion by the Defendant or other parties to the transaction is not essential to an evidentiary showing sufficient to permit a jury to conclude beyond a reasonable doubt that he was guilty of the offense of aiding and abetting that transaction.

Accordingly, the Defendant's Application for Bail Pending Appeal From a Judgment of Conviction is hereby DENIED.

So ORDERED.