**UNITED STATES of America**

v.

**James W. GIANNETTA.**

**Crim. Nos. 86–00035–01–P, 86–00063–04–B.**

United States District Court, D. Maine.

Oct. 7, 1988.

William H. Browder, Jr., Asst. U.S. Atty., Portland, Me., for plaintiff.

Judy Potter, Portland, Me., for defendant.

## MEMORANDUM OF DECISION AND ORDER ON DEFENDANT'S MOTION FOR ADMISSION TO BAIL

GENE CARTER, District Judge.

Before the Court is Defendant–Probationer's motion for a bail hearing and for admission to bail. A hearing was held thereon on September 30, 1988.

The record in these cases reflects that this Defendant was sentenced by this Court on February 26, 1988, at which time imposition of sentence was suspended, and Defendant was placed on probation for a period of five years, on the usual terms and conditions of probation and upon the special condition that Defendant would at all times during his period of probation readily submit to a search of his residence, and any other premises under his dominion or control, by his supervising probation officer upon the officer's request. At the time of imposition of sentence, the record reflects that Defendant was advised by the Court of the Court's awareness of the seriousness of his conduct culminating in conviction and that the Court was taking seriously into account the very extensive cooperation of this Defendant with the Government in its drug enforcement activities. Defendant was warned by the Court in the most clear and cogent terms that his supervision on probation would be, at the specific instructions of the Court, both close and active and that the Court would brook no significant violation of the terms and conditions of his probation. Defendant assured the Court of his full and precise compliance with all of the terms and conditions of probation.

Supervising Probation and Parole Officer Vincent J. Frost has apparently experienced a nearly continuous series of problems with this Probationer, which were on several occasions discussed with the Court. One significant problem appeared to be that Probationer persisted in leaving the District of Maine either without the specific authority of his probation officer to do so or in direct violation of a denial of such permission. As a result of that conduct, the Court instructed Officer Frost to instruct Probationer that as of May 2, 1988, he would be required to obtain an order of this Court authorizing travel outside the District of Maine before he could undertake such travel. The Court has found probable cause to believe that he thereafter persisted in leaving the district without the required authorization.

On August 24, 1988, Officer Frost filed a Petition for Probation Action seeking a hearing for alleged violations of numerous conditions of Probationer's probation. On the date of filing, the Court endorsed the petition, ordering that a warrant issue on or after September 1, 1988 and that a hearing be held in due course.

A preliminary hearing was held on the petition on September 6, 1988, at the conclusion of which the Court found probable cause to believe that Probationer was in violation of numerous conditions of his probation, and ordered him held for a revocation hearing. He has been held in custody since the preliminary hearing. The pending motion for admission to bail pending the revocation hearing was filed on September 9, 1988.

The provisions of Fed.R.Crim.P. 32.1 have set the procedure for proceedings in respect to revocation of probation. Rule 32.1(a)(1) provides that following the preliminary hearing and a determination of probable cause, the probationer may be

released pursuant to Rule 46(c) pending the revocation hearing. Rule 46(c) provides that eligibility for release "shall be in accordance with 18 U.S.C. § 3143. The burden of establishing that the defendant will not flee or pose a danger to any other person or to the community rests with the defendant." The pertinent provisions of 18 U.S.C. § 3143, as applicable in these revocation proceedings, equate the probationer's situation to that of a defendant convicted and awaiting imposition of sentence. Section 3143(a) provides that the probationer shall be detained "unless the judicial officer finds by clear and convincing evidence that the person is not likely to flee or pose a danger to the safety of any other person or the community if released under section 3142(b) or (c)." Only if the judicial officer makes such a finding is the probationer eligible for release in accordance with the provisions of section 3142(b) or (c).

Thus, the burden of proof assigned to the probationer by the statute is that of proof by "clear and convincing evidence." *See United States v. DiMauro*, 614 F.Supp. 461, 463 (D.Me.1985); *United States v. Kenney*, 603 F.Supp. 936, 938–39 (D.Me. 1985). The evidence taken out at the preliminary hearing and at the bail hearing displays a course of conduct over many months of the period that Probationer has been at large on probation since February of 1988, constituting, to a high degree of likelihood, numerous individual illegal acts conducted by Probationer for profit, as well as the implementation of various aspects of ongoing and continuous schemes to defraud members of the public of their property. The evidence at the preliminary hearing resulted in a finding of probable cause that such offenses had been committed by Probationer. The evidence taken at the bail hearing, far from dispelling in any way the validity of those conclusions, enhances their probative force and indicates some instances of additional conduct of a criminal nature. Since the initial Petition for Probation Action was filed on August 24, 1988, there has been a supplement thereto, filed on September 20, 1988, alleging in considerable detail various additional instances of violation of conditions (1), (2), and (10) of Probationer's probation.

In the present state of the record, the Court can with assurance say that Probationer has failed to demonstrate by clear and convincing evidence that he is not a danger to any other person or the public. To the contrary, the record demonstrates that during most of the period he has been admitted to probation, there is good reason to believe that he has been continuously involved not only in violation of the terms and conditions of his probation, but in conduct constituting a continuing and ever-expanding pattern of criminal violations. Such a person, in the view of this Court, is, within the meaning of the statute, one who poses a danger to the safety of other persons and of the community if released on bail. Probationer has failed to dispel, by clear and convincing evidence, the basis of this conclusion. The Court has maintained this Probationer under the closest kind of supervision while he has been admitted to probation and is well aware that he has been aware of the closeness of that scrutiny by Officer Frost. The Court is fully persuaded that there is no condition, or combination of conditions, which the Court could now impose in conjunction with an admission to bail that would be effective to remove the danger posed by this Defendant's propensity for ongoing criminal activities. The probationary supervision to which he has already been exposed over many months has certainly been more restrictive and closely directed than could be the implementation of any conceivable conditions of admission to bail.

Further, this Defendant, if his probation is revoked, stands exposed to imposition of a term of incarceration of up to fifteen years. He is well aware, from comments that the Court made to him at the time of imposition of sentence as well as from the colloquy between his counsel and the Court at the time of the bail hearing, that the Court will treat with utmost seriousness the nature of his offense and his subsequent conduct on bail, where relevant, in the determination of an appropriate period of incarceration to impose, in the event that this Court shall determine that he is in fact

in violation of one or more of the conditions of his probation.

Defendant has no distinct long-standing ties to the District of Maine. It is likely that he has repeatedly left the district without the authorization of his supervising probation officer or the Court. He has, in fact, a pending motion to be permitted to remove himself permanently from the district to the District of Massachusetts for personal reasons. The Court is fully convinced that he is well aware of the seriousness of his position and of the likelihood that he will serve, if found in violation of his probation, a term of incarceration at least approaching the maximum that the Court may impose. With the record in such posture, the Court discerns clear motivation for flight and sees no circumstance that would militate strongly against the conclusion that flight is likely to occur. On this record, the Court cannot find by clear and convincing evidence, that is, to a high degree of probability, that this Defendant will not flee if admitted to bail.

Accordingly, Probationer's motion for bail and for admission to bail is hereby DENIED.

So ORDERED.