**UNITED STATES of America**

v.

**James William GIANNETTA.**

**Crim. Nos. 86–00035–P–01, 86–00063–P–04.**

United States District Court, D. Maine.

Nov. 8, 1989.

William H. Browder, Jr., Asst. U.S. Atty., Portland, Me., for plaintiff.

Judy Potter, U of M Law School, Portland, Me., for defendant.

## MEMORANDUM OF DECISION AND ORDER DENYING DEFENDANT'S MOTION FOR RELEASE PENDING APPEAL AND STAY OF SENTENCE PENDING APPEAL

GENE CARTER, District Judge.

This Court, following revocation of Defendant's probation, *United States v. Giannetta*, 717 F.Supp. 926 (D.Me.1989), on October 26, 1989, sentenced this Defendant to serve two concurrent fifteen-year sentences on two counts of two indictments charging Defendant with drug trafficking conspiracies. Judgment of October 26, 1989 (Docket No. 55). Defendant was remanded forthwith in execution of the sentences so imposed. The matter is now before the Court on Defendant's Motion for Release Pending Appeal and Stay of Sentence Pending Appeal, filed on the day of imposition of sentence (Docket No. 57). The motion seeks Defendant's release on bail pursuant to the provisions of 18 U.S.C. § 3143(b).

When this Defendant was in the posture of a defendant as to whom probable cause for violation of his probation had been found and he was awaiting a hearing on whether his probation should in fact be revoked, this Court had occasion to consider whether he should, under the applicable statutory precepts, be admitted to bail. *United States v. Giannetta*, 695 F.Supp. 1254 (D.Me.1988). In that posture of the matter, the Court acted pursuant to Fed.R. Crim.P. 32.1 and 46(c). The Court noted that Rule 46(c) adopted the criteria of 18 U.S.C. § 3143 as the standards for determining the Defendant's then eligibility for release on bail. The Court noted: "The pertinent provisions of 18 U.S.C. § 3143, as applicable in these revocation proceedings, equate the probationer's situation to that of a defendant convicted and awaiting imposition of sentence." *Id.* at 1256. Having those criteria and standards in mind, the Court at that time made the following findings and reached the following conclusions:

In the present state of the record, the Court can with assurance say that Probationer has failed to demonstrate by clear and convincing evidence that he is not a danger to any other person or the public. To the contrary, the record demonstrates that during most of the period he has been admitted to probation, there is good reason to believe that he has been continuously involved not only in violation of the terms and conditions of his probation, but in conduct constituting a continuing and ever-expanding pattern of criminal violations. Such a person, in the view of this Court, is, within the meaning of the statute, one who poses a danger to the safety of other persons and of the community if release on bail. Probationer has failed to dispel, by clear convincing evidence, the basis of this conclusion. The Court has maintained this Probationer under the closest kind of supervision while he has been admitted to probation and is well aware that he has been aware of the closeness of that scrutiny by Officer Frost. The Court is fully persuaded that there is no condition, or combination of conditions, which the Court could now impose in conjunction with an admission to bail that would be effective to remove the danger posed by this Defendant's propensity for ongoing criminal activi-

ties. The probationary supervision to which he has already been exposed over many months has certainly been more restrictive and closely directed than could be the implementation of any conceivable conditions of admission to bail.

Further, this Defendant, if his probation is revoked, stands imposed to imposition of a term of incarceration of up to fifteen years. He is well aware, from comments that the Court made to him at the time of imposition of sentence as well as from the colloquy between his counsel and the Court at the time of the bail hearing, that the Court will treat with utmost seriousness the nature of his offense and his subsequent conduct on bail, where relevant, in the determination of an appropriate period of incarceration to impose, in the event that this Court shall determine that he is in fact in violation of one or more of the conditions of his probation.

Defendant has no distinct long-standing ties to the District of Maine. It is likely that he has repeatedly left the district without the authorization of his supervising probation officer or the Court. He has, in fact, a pending motion to be permitted to remove himself permanently from the district to the District of Massachusetts for personal reasons. The Court is fully convinced that he is well aware of the seriousness of his position and of the likelihood that he will serve, if found in violation of his probation, a term of incarceration at least approaching the maximum that the Court may impose. With the record in such posture, the Court discerns clear motivation for flight and sees no circumstance that would militate strongly against the conclusion that flight is likely to occur. On this record, the Court cannot find by clear and convincing evidence, that is, to a high degree of probability, that this Defendant will not flee if admitted to bail.

*Id.* at 1256–57.

■ The criterion the Court there applied was that set forth in section 3143(a), applicable to an application for admission to bail pending imposition of sentence. Defendant, in his present posture, is governed by the criteria set forth in section 3143(b) because he is a defendant seeking admission to bail pending his own appeal.[1] The only difference in the Defendant's total burden of proof, as articulated in subsections (a) and (b) of section 3143, is that under the latter section the defendant bears an enhanced burden of proof in order to establish his eligibility for release on bail pending an appeal. Under subsection (a) he must be detained "unless the judicial officer finds by clear and convincing evidence that the person is not likely to flee or pose a danger to the safety of any other person or the community if released under section 3142(b)." 18 U.S.C. § 3143(a). Under subsection (b) he must be detained unless the judicial officer makes the same finding as required by subsection (a), 18 U.S.C. § 3143(b)(1), *and, in addition thereto,* Defendant must satisfy the judicial officer "that the appeal is not for the purpose of delay and raises a substantial question of fact likely to result in" reversal, new trial, a sentence without a term of incarceration, or a reduced sentence which would not require him to serve any additional time following completion of the appeal.[2] 18 U.S.C. § 3143(b)(2).

■ Therefore, the determination that the Court has previously made pursuant to Rule 46(c) and 18 U.S.C. § 3143(a) with respect to danger to the community and likelihood of flight is precisely the same determination that the Court must now make under section 3143(b)(1). The Court is fully satisfied that the findings and conclusions that it has previously made with

---

**1.** Different criteria apply in the situation of a defendant seeking admission to bail pending resolution of the Government's appeal. 18 U.S.C. § 3142(c).

**2.** The Court is not in a position to assess the merits of the proposed appeal since the Defen-

dant's motion gives no hint as to the specific issues to be raised on the appeal. The Notice of Appeal (Docket No. 56) states only that Defendant appeals this Court's Order of July 7, 1989 revoking his probation and the sentence imposed on October 26, 1989.

respect to the danger posed by this Defendant to the community and the likelihood of his flight if released on bail are every bit as valid today.

In respect to danger of flight, the Court's determination is reinforced in persuasive force considering Defendant's present circumstances. The only changes in Defendant's situation since the prior determinations were made are that his probation has in fact been revoked and he has been in fact sentenced to the maximum terms of incarceration permitted under his plea agreement. Thus, Defendant now faces the *certainty* that he will serve an extended term of incarceration; he no longer has any basis to hope or expect that his probation will not be revoked or that he will be extended significant leniency in the imposition of sentence. That certainty persuasively reinforces the Court's prior conclusion that Defendant represents a high risk of flight if admitted to bail.

The Court cannot find, by clear and convincing evidence drawn from the entire record of many months of proceedings in this case, that this person is not likely to flee or pose a danger to the safety of any other person or the community if released under section 3142(b) or (c) of this title. The Court is *certain* that there are no combined conditions of admission to bail which the Court could devise (none are here proposed by Defendant) which would begin to approach the stringency of the restriction of his conduct to which he was exposed by the strict level of supervision accorded to him while he was admitted to probation. That strict supervision was wholly ineffective to regulate his conduct in accordance with the conditions of his probation or the law generally. The Court is fully persuaded that if he were now to be admitted to bail, he would fail to appear as ordered by this Court or the Court of Appeals and that he would immediately recommence a consistent pattern of violation of the law. The Court is persuaded of this to a "high level of certainty." *United States v. Chimurenga,* 760 F.2d 400, 405 (2d Cir.1985).

Accordingly, Defendant's Motion for Release Pending Appeal and Stay of Sentence is hereby DENIED.

So ORDERED.

