Margaret LINDSEY, Plaintiff

v.

M & M RESTAURANT SUPPLY,
Defendant.

No. 3:01CV7148.

United States District Court,
N.D. Ohio,
Western Division.

Oct. 25, 2001.

David W. Zoll, Michelle L. Kranz, Zoll & Kranz, Toledo, OH, for Margaret Lindsey, Plaintiff.

Howard A. Rosenthal, Richard J. Hoff, Jr., Pelino & Lentz, Philadelphia, PA, Margaret Mattimoe Sturgeon, Eastman & Smith, Toledo, OH, for M & M Restaurant Supply, LLC, Defendant.

## ORDER

CARR, District Judge.

This is an employment discrimination case in which the defendant has filed a motion for sanctions, alleging that the plaintiff intentionally destroyed evidence, causing prejudice to the defendant. For the reasons that follow, the motion shall be overruled.

Plaintiff worked for about five years for the defendant. She kept notes, typically on small scraps and bits of paper, which she later transcribed into a "book." Her notes and her "book" were a record of events at work and her reactions to those events. The original notes have been destroyed, as has the original "book" into which the notes were transcribed. In their place, the plaintiff prepared a notebook, into which, according to her, she transcribed verbatim the contents of her notes and "book."

■ The destruction of the original notes and "book," the defendant contends, have caused it prejudice. If so, defendant is entitled to sanctions in its favor. *Nationwide Mut. Fire Ins. Co. v. Ford Motor Co.*, 174 F.3d 801 (6th Cir.1999). The test for determining whether to impose sanctions is whether

evidence has been intentionally altered or destroyed by a party or its expert before the defense had an opportunity to examine the evidence. If a threshold showing of spoliation is made, the burden then shifts to the proponent of the evidence to prove that the other side was not prejudiced by the alteration or destruction of the evidence. The test for prejudice is whether there is a reasonable possibility, based on concrete evidence, that access to the evidence which was destroyed or altered, and which was not otherwise obtainable, would produce evidence favorable to the objecting party.

*Id.* at 804 (citation omitted).

■ The defendant claims that it has been prejudiced because it is possible that the plaintiff, contrary to her contentions, did not comprehensively copy all of her materials into the notebook. This, according to the defendant, makes it impossible for it to learn and cross-examine her about all of the events she noted and her reactions to them—especially those that might have been favorable. Plaintiff acknowledges having noted favorable events and impressions in her "book," as well as up-

setting or hostile events and negative reactions.

■ Defendant alleges that plaintiff's notebook is key evidence in her case. As to some of the contents, this is so—the notebook contains pictures, some of them extremely crude in content, and several vile and vulgar documentary items, including print-outs of jokes and other communications from the internet, mock performance evaluations and first-aid logs, and other documents. All that material is evidence of the conditions in which plaintiff worked—and all of it is available to the defendant, so nothing that plaintiff may otherwise have destroyed affects the availability or admissibility of those materials.

■ Much of the other material is not direct evidence—it is, purportedly, simply a record or notation of events witnessed by or statements directed to or heard by the plaintiff. Because the contemporaneous records do not exist, the entries in the notebook could not be read into the record under Fed.R.Evid. 803(5). That rule requires that the prior record of events about which a witness has insufficient recollection to testify must have been made "when the matter was fresh." The notebook, which is a later compilation, cannot meet this requirement.[1]

The issue thus is whether the plaintiff can refer to her notebook to refresh her recollection under Fed.R.Evid. 612. Older cases indicate that she cannot. *United States v. Burr*, 25 F.Cas. 55, 90 No. 14,693 (C.C.D.Va.1807) (denying request of witness to refresh his recollection with memoranda abstracted from other notes) (Marshall, C.J.); *Jewett v. United States*, 15 F.2d 955, 956 (C.C.A.9 1926) (error to permit witnesses to testify from notes made from memoranda made earlier; though "they had a general recollection of events to which the data pertained, ... they had to resort to those notes for dates and names and persons, and the quantities and kinds of liquor purchased").

However, as noted in Anno., *Refreshment of recollection by use of memoranda or other writings*, 82 A.L.R.2d 473, 505, 1961 WL 13135 (1961):

> Later cases support the rule that it is not necessary that the writing used to refresh the memory of a witness be an original writing, provided that after inspecting it, the witness can speak to the facts from his own recollection; in other words, the memorandum used to refresh a present memory may be a mere copy, abstract, summary, or transcript of the original.

The Third Circuit's decision in *United States v. Riccardi*, 174 F.2d 883 (3rd Cir. 1949), exemplifies this trend. After noting Learned Hand's observation in *United States v. Rappy*, 157 F.2d 964, 967–68 (2d Cir.1946), that "[a]nything may in fact revive a memory; a song, a scent, a photograph, and allusion, even a past statement known to be false", the court stated in *Riccardi:*

> The reception of a witness' testimony does not depend upon whether it is true; truth is a matter for the trier of fact unless, of course, the evidence if so improbable that reasonable men would not differ upon it. When the witness testifies that he has a present recollection, that is the evidence in the case, and not the writing which stimulates it. If his recollection agrees with the writing, it is pointless to require proof of the accuracy of the writing, for such proof can only

---

1. The notebook also contains much that is irrelevant—photographs of defendant's workforce, notations about misuse or theft of company property by other employees, and even an occasional scribble.

amount to corroborative evidence. The testimony is received for what it is worth. And the testimony should be received if it is capable of a reasonably satisfactory evaluation. Undoubtedly, the nature of the writing which the witness says is effective to stimulate his memory plays a part in that evaluation, and the dangers from deficiencies in the witness' testimonial qualifications are not less susceptible of evaluation by the trier of fact than in the case of past perception recorded; indeed, they are more readily subject to test, for the witness, as already noted, asserts a present memory and cannot gain protection from a denial of the very memory which he claims to have.

*Id.* at 889; *see also United States v. Di-Mauro,* 614 F.Supp. 461, 466 (D.Me.1985) ("It is well established that on the laying of the proper foundation, a witness may be permitted to use anything which the witness says will refresh his recollection as to the events to which he testifies.").

The fact that the original notes are not available will not impede the defendant in either its preparation for or cross-examination of the plaintiff at trial. Her memory cannot be refreshed by something to which she cannot refer. To the extent that the defendant claims that it is prejudice by the possible loss of notes and entries about favorable events and observations, it can seek to procure testimony to the effect that plaintiff was treated fairly, and without animus or cause for complaint. On balance with the potentially drastic and disproportionate impact on plaintiff's ability to present her case from the sanctions defendant seeks, the risk of prejudice from the inaccessibility of notes favorable to it is quite slight.

■ The court in *Riccardi* noted that the burden of determining whether to allow a witness to use a particular writing to refresh her recollection is on the trial judge, "who should in the first instance satisfy himself as to whether the witness testifies upon a record or from his own recollection." 174 F.2d at 889. As a practical matter, this means that I should, and I expect to, voir dire the plaintiff prior to her testimony to sort that which she presently recalls with a refreshed memory from that about which she has no recollection, aside from what is found in her notes.

This is a far more discrete, and fairer, method of responding to the plaintiff's destruction of her "book" than either dismissal of her suit or limiting her testimony to subjects not covered in her notebook, as demanded by the defendant. The potential prejudice to the defendant arises only if the plaintiff is, in effect, reading excerpts from her notebook into the record, rather than recounting her memories, as refreshed. Voir dire of the plaintiff, followed by cross-examination are the best, and only necessary guards against that, or any other prejudice from the missing notes and other materials. *See DiMauro,* 614 F.Supp. at 461 ("a witness' recollection as refreshed by any document is properly the subject of cross-examination, and the inaccuracy of the document used for refreshment purposes is a matter which goes to the weight, not to the admissibility, of the witness' testimony as refreshed.").

In light of the foregoing, I find that the risk of prejudice to the defendant does not require that its motion for sanctions, including dismissal or exclusion of plaintiff's testimony, be granted. It is, therefore,

ORDERED THAT defendant's motion for sanctions be, and the same hereby is denied.

So ordered.