**UNITED STATES of America,**

v.

**Lloyd MINCEY, Defendant.**

**Criminal No. 2000–10214–GAO.**

United States District Court,
D. Massachusetts.

April 16, 2007.

Theodore B. Heinrich, United States Attorney's Office, John Joseph Moakley, Boston, MA, for Plaintiff.

*MEMORANDUM AND ORDER ON GOVERNMENT'S MOTION FOR DETENTION*

COLLINGS, United States Magistrate Judge.

### *I. The Facts*

On April 13, 2005, the defendant Lloyd Mincey ("the defendant") was sentenced on two counts of possession with intent to distribute and distribution of cocaine base. He received a sentence of seventy-two months imprisonment followed by five years of supervised release. His supervised release commenced on November 23, 2005.

On February 21, 2007, the United States Probation Department filed a Petition and Affidavit for Warrant and Summons for Offender Under Supervision seeking that the Court issue an arrest warrant for the defendant. The District Judge ordered

the issuance of a warrant for the defendant's arrest on February 23, 2007. The defendant was arrested on March 30, 2007. He appeared before the undersigned on that date, the Government moved for detention, and a detention hearing was set for April 5, 2007.

On April 5, 2007, a question arose as to what the burden of proof was on the defendant at a detention hearing held after an arrest for violation of supervised release. While it was clear to all that the burden was on the defendant, the Assistant U.S. Attorney took the position that the defendant's burden was to prove that he would not flee or pose a danger to the community by "clear and convincing evidence" as per 18 U.S.C. § 3143(a)(1). The Court indicated that it had been the Court's view espoused over a number of years that a lesser standard applied.

## II.  The Applicable Law

Rule 32.1(a)(6), Fed.R.Crim.P., provides:

(6) **Release or Detention.**  The magistrate judge may release or detain the person under 18 U.S.C. § 3143(a) pending further proceedings.  The burden of establishing that the person will not flee or pose a danger to any other person or to the community rests with the person.

*See also* Rule 46(d), Fed.R.Crim.P. ("Rule 32.1(a)(6) governs release pending a hearing on a violation of probation or supervised release.")

Title 18 U.S.C. § 3143(a)(1) [1] provides:

§ 3143.  Release or detention of a defendant pending sentence or appeal

(a) **Release or detention pending sentence.—(1)**  Except as provided in paragraph (2), the judicial officer shall order that a person who has been found guilty of an offense and who is awaiting imposition or execution of sentence, **other than a person for whom the applicable guideline promulgated pursuant to 28 U.S.C. 994 does not recommend a term of imprisonment,** be detained, unless the judicial officer finds by clear and convincing evidence that the person is not likely to flee or pose a danger to the safety of any other person or the community if released under section 3142(b) or (c).  If the judicial officer makes such a finding, such judicial officer shall order the release of the person in accordance with section 3142(b) or (c).

Emphasis added.

## III.  The Problem

At the initial appearance, the Assistant U.S. Attorney argued that the defendant's burden was by clear and convincing evidence because in the case of persons charged with violations of supervised release or probation, the guidelines do recommend terms of imprisonment.[2]  As can

---

**1.** It does not appear that 18 U.S.C. § 3143(a)(2) on its face is applicable to persons arrested on charges of violating the terms of probation or supervised release.  For example, in the case of a person arrested for violating probation or supervised release, how can the issue of whether " . . . there is a substantial likelihood that a motion for acquittal or new trial will be granted," 18 U.S.C. § 3143(a)(2)(A)(i), be applicable?  *But see United States v. Wallace*, 2006 WL 2559894 (N.D.W.Va. 2006); *United States v. Fernandez*, 144 F.Supp.2d 115 (N.D.N.Y. 2001).  Although in the Wallace case the Court does not

state what burden of proof it is applying, the Court in the *Fernandez* case applied the "clear and convincing evidence" burden on the defendant.  *Fernandez*, 144 F.Supp.2d at 122.

**2.** It is to be noted that in cases in which the Federal Defender's office in this district represented the defendant in the past, the Federal Defender argued the opposite, i.e., that since the guidelines do not recommend a term of imprisonment in cases of violation of probation or supervised release, the defendant did not have to meet a burden of proof by "clear and convincing evidence".

be seen from the emphasized portion quoted, supra, Section 3143(a)(1) by its own terms does not apply in any respect to cases in which the defendant is "... a person for whom the applicable guideline promulgated pursuant to 28 U.S.C. 994 does not recommend a term of imprisonment." So the question with respect to the Government's argument becomes whether there is an "... applicable guideline promulgated pursuant to 28 U.S.C. 994" which does "... recommend a term of imprisonment" for a person who is either alleged or has been found to have violated the terms and conditions of his probation or supervised release.

To answer that question, it is necessary to look first at 28 U.S.C. § 994(a). That section gives the Sentencing Commission ("the Commission") the power to "promulgate" (1) "guidelines ... for use of a sentencing court in determining the sentence to be imposed in a criminal case," (28 U.S.C. § 994(a)(1)), (2) "general policy statements regarding application of the guidelines or any other aspect of sentencing or sentence implementation that in the view of the Commission would further the purposes set forth in section 3553(a)(2) of title 18 ..." (28 U.S.C. § 994(a)(2)) and (3) "guidelines or general policy statements regarding the appropriate use of the provisions for revocation of probation ... and the provisions for ... revocation of supervised release set forth in section 3583(e) of title 18." (28 U.S.C. § 994(a)(3)). As can be seen, the statute makes a distinction between the "promulgation" of "guidelines" and the "promulgation" of "policy statements." With respect to revocation of probation or supervised release, the Sentencing Commission has a choice of promulgating either. 28 U.S.C. § 994(a)(3).

So far as appears, the Commission has only promulgated "policy statements" with respect to revocation of probation and su-

pervised release. *See Guidelines Manual,* Chapter 7, Part B. Thus, the Assistant U.S. Attorney was wrong when he argued that § 3143(a)(1) applied because the guidelines recommend a period of imprisonment in cases in which a person is found to have been in violation of probation or supervised release.

In these circumstances, if we follow the Government's argument to its logical conclusion, it appears that we might have the anomalous situation in which Rule 32.1(a)(6), Fed.R.Crim.P., provides that 18 U.S.C. § 3143(a) is applicable in determining whether a person arrested for violation of supervised release is released on bail or detained when § 3143(a)(1) by its terms cannot be applicable because the Sentencing Commission has not promulgated any guidelines pursuant to 28 U.S.C. § 994 with respect to violations of probation or supervised release.

## IV.  The Solution

There is no reason to reach such an unhelpful result, for there is a much more persuasive argument as to why § 3143(a)(1) is applicable to persons charged with violations of probation or supervised release. The clear intent of Rule 32.1(a)(6) is that the question of release or detention of persons charged with violations of supervised release or probation be governed by that statute. However, the statute does not, by it terms, apply to that group-rather it applies to "... person[s] who ha[ve] been found guilty of an offense and who [are] awaiting imposition or execution of sentence ...". The phrase "other than a person for whom the applicable guideline promulgated pursuant to 28 U.S.C. 994 does not recommend a term of imprisonment" operates as a modification of the delineated group—i.e., modifies the group delineated as "... persons who ha[ve] been found guilty of an offense and

who [are] awaiting imposition or execution of sentence ...".

It seems to me that the most sensible way to integrate Rule 32.1(a)(6), Fed. R.Crim.P., and § 3143(a)(1) is simply to take § 3143(a)(1) and substitute the words "a person alleged to have violated probation or supervised release" for the entire phrase "a person who has been found guilty of an offense and who is awaiting imposition or execution of sentence, other than a person for whom the applicable guideline promulgated pursuant to 28 U.S.C. 994 does not recommend a term of imprisonment." In this manner, in cases of persons alleged to have violated probation or supervised release, there is no issue as to what the guidelines do or do not recommend.

The case of *United States v. Giannetta*, 695 F.Supp. 1254 (D.Me.1988) basically takes this approach holding:

> The pertinent provisions of 18 U.S.C. § 3143, as applicable in these revocation proceedings, equate the probationer's situation to that of a defendant convicted and awaiting imposition of sentence. Section 3143(a) provides that the probationer shall be detained "unless the judicial officer finds by clear and convincing evidence that the person is not likely to flee or pose a danger to the safety of any other person or the community if released under section 3142(b) or (c)." Only if the judicial officer makes such a finding is the probationer eligible for release in ac-

cordance with the provisions of section 3142(b) or (c).

> Thus, the burden of proof assigned to the probationer by the statute is that of proof by "clear and convincing evidence."

*Giannetta*, 695 F.Supp. at 1256 citing *United States v. DiMauro*, 614 F.Supp. 461, 463 (D.Me., 1985) and *United States v. Kenney*, 603 F.Supp. 936, 938–39 (D.Me., 1985).[3]

The only Court of Appeals to have considered the issue has taken the same position. *United States v. Loya*, 23 F.3d 1529, 1531 (9 Cir.1994) ("... we hold that if a defendant moves for bail pending his or her revocation hearing, the district court shall determine the person's eligibility for release under the standards of release set forth in 18 U.S.C. § 3143.")[4]

### V. Conclusions of Law

■ Accordingly, the Court rules that the phrase "other than a person for whom the applicable guideline promulgated pursuant to 28 U.S.C. 994 does not recommend a term of imprisonment" in § 3143(a)(1) does not apply in any respect to the situation of a person who is charged with violating probation or supervised release. The Court further rules that when applying Rule 32.1(a)(6)'s dictate that "[t]he magistrate judge may release or detain the person under 18 U.S.C. § 3143(a) pending further proceedings," a court should read § 3143(a)(1) as if it read as follows:

---

**3.** The *DiMauro* and *Kenney* cases dealt with the applicability of § 3143 in cases involving motion for bail pending appeal after conviction and sentence.

**4.** That the burden is by "clear and convincing evidence" seems to be generally accepted. *See* "Representing a Client Charged with Violating Conditions of Supervised Release–Part

One", The Champion, Vol. XXX, No. 9 (November, 2006) at 29 ("... the defendant, no matter the violation or underlying offense of conviction, bears the burden of proof regarding flight risk and the threat to the community. When the defendant appears on a violator's warrant, the defendant must prove the absence of these risks by clear and convincing evidence." (footnotes omitted)).

the judicial officer shall order that a person who has been charged with a violation of probation or supervised release be detained, unless the judicial officer finds by clear and convincing evidence that the person is not likely to flee or pose a danger to the safety of any other person or the community if released under section 3142(b) or (c). If the judicial officer makes such a finding, such judicial officer shall order the release of the person in accordance with section 3142(b) or (c).[5]

### VI. Applying the Law to the Instant Case

■ The defendant in the instant case has not proven by clear and convincing evidence that he will not pose a danger to the safety of any other person or the community if released. His original charge was for distributing crack cocaine on two occasions in 1999 while he was on parole from state prison. He was detained prior to trial. One of the violations of supervised release alleged is based on his arrest on February 11, 2007 for distribution of heroin in a school zone. His first conviction for distributing heroin was in 1989 when he was seventeen. At age twenty, he was convicted of illegally possessing a dangerous weapon. Also at age twenty he was convicted on two counts of assault and battery with a handgun. At age twenty-three he was convicted of illegal possession of a gun. He was sentenced to 4–5 years in state prison, was paroled, and violated the parole. He was released on July 29, 2000. In short, the Court sees no basis on which it could find by clear and convincing evidence that the defendant would not be a danger to the community if released.

### VII. Order

It is ORDERED that the defendant be, and he hereby is, DETAINED pending the Final Revocation Hearing currently scheduled for **April 25, 2007** at 2:15 P.M. before the District Judge to whom this case is assigned.

---

**5.** To help clarify the procedures to be employed when a person is arrested on a charge of violating probation or supervised release, the Judicial Conference's Advisory Committee on Criminal Rules might propose an amendment to Rule 32.1(a)(6) so it would read as follows:

> The magistrate judge may release or detain the person under 18 U.S.C. § 3143(a)(1) pending further proceedings. The person shall have the burden of establishing by clear and convincing evidence that the person will not flee or pose a danger to any other person or to the community.

It does not appear, based on the caselaw cited herein, that such an amendment would effectuate any change in substantive law.