**UNITED STATES of America, Plaintiff,**

**v.**

**Floyd POPE, Defendant.**

**No. 91–194–Cr.**

United States District Court,
S.D. Florida.

June 26, 1992.

Nina Mandell, Asst. U.S. Atty., Miami, for plaintiff.

Samuel J. Rabin, Jr., Moore & Rabin, P.A., Miami, Neil M. Schuster, Miami Beach, for defendant.

## ORDER DENYING STAY OF IMPOSITION OF SENTENCE PENDING APPEAL

NESBITT, District Judge.

■ Defendant Floyd Pope seeks a stay of his sentence pending appeal pursuant to 18 U.S.C. § 3143(b) after being convicted for conspiring to possess with intent to distribute, as well as, possessing with intent to distribute approximately 2500 kilograms of marijuana, in violation of Title 21 U.S.C. §§ 841(a)(1) and 846. Generally, a defendant may be released pending appeal if the Court finds that the defendant does not pose a risk of flight or a danger to the community and that the appeal raises a substantial question of law or fact and is not interposed for the purposes of delay. 18 U.S.C. § 3143(b)(1). The Bail Reform Act of 1990, however, added another provision to section 3143 which mandates detention for persons convicted of crimes enumerated in § 3142(f)(1)(A), (B), and (C). 18 U.S.C. § 3143(b)(2). The Bail Reform Act also added, however, a provision to section 3145 of Title 18 which provides that a per-

son subject to mandatory detention under section 3143(b)(2) would be eligible for bail under section 3143(b)(1) if the judicial officer finds that it has been "clearly shown" that "there are exceptional reasons why such person's detention would not be appropriate." 18 U.S.C. § 3145(c). The defendant maintains that section 3145(c) gives the Court discretion to consider the defendant's motion under section 3143(b)(1) despite the mandatory language in section 3143(b)(2). The Court agrees.

■ All four circuits that have considered the relationship between sections 3143(b)(2) and 3145(c) have concluded that they must be read together and that therefore section 3145(c) is an exception to the detention mandated by section 3143(b)(2). *See United States v. DiSomma*, 951 F.2d 494 (2nd Cir.1991); *United States v. T.J. Thompson*, 951 F.2d 351 (6th Cir.1991); *United States v. Carr*, 947 F.2d 1239 (5th Cir.1991); *United States v. Terrence McCabe*, 940 F.2d 646 (1st Cir.1991). A defendant convicted of a crime enumerated in section 3142(f)(1)(A), (B) and (C), therefore, can be released pending appeal if the Court finds that: (1) the defendant does not pose a risk of flight or a danger to the community under 3143(b)(1)(A); (2) the defendant's appeal raises a substantial question of law or fact under 3143(b)(1)(B); and (3) "exceptional reasons" clearly exist that make detention inappropriate under 3145(c). *See, e.g., DiSomma*, at 496. While the Court agrees with defendant that it may consider his motion for release pending appeal pursuant to sections 3143(b) and 3145(c), it finds that the defendant has failed to satisfy any of the three criteria necessary to warrant his release.

First, the Court finds that the defendant does not meet the requirements of section 3143(b)(1)(A). Although the Government does not urge, nor does the Court find, that the defendant is a risk of flight,[1] the Court does find that, because of the amount of marijuana involved in defendant's conviction and the defendant's 1989 role in smuggling 1000 pounds of marijuana into Flor-

---

**1.** The Defendant has been a lifelong resident of Dade County and has ties to the community.

ida from Jamaica, the defendant's ability to participate in drug transactions represents a significant danger to the community.

Second, the Court finds that defendant's appeal does not satisfy section 3143(b)(1)(A) which requires a finding that the appeal is not for purpose of delay and raises a substantial question of law or fact likely to result in reversal, an order for a new trial or a reduced sentence. 18 U.S.C. § 3143(b)(1)(B). The Court finds that the defendant has failed to raise a "substantial issue" as described in section 3143(b)(1)(B).

■ The Eleventh Circuit has held that a "substantial question" is more than a showing that the appeal is not frivolous. It has been said to be a "close" question or one that very well could be decided the other way. *United States v. Giancola*, 754 F.2d 898 (11th Cir.1985) (adopting *United States v. Miller*, 753 F.2d 19 (3rd Cir.1985), *cert. denied*, 479 U.S. 1018, 107 S.Ct. 669, 93 L.Ed.2d 721 (1986)). On appeal the defendant argues that there was insufficient evidence of his knowledge and participation in the conspiracy and distribution offenses. The defendant also raises issues regarding introduction of 404(b) evidence, and the denial of his motion for severance. In addition, the defendant urges that the motions for mistrial should have been granted based on late disclosure of payments to informants, an inadvertent prosecutorial comment about the tactics of defendant's counsel, and the prosecutor's conduct in eliciting a DEA agent's opinion on the purpose for boxes found in the defendant's residence. Finally, the defendant urges that the Court should have granted a mistrial because a government exhibit which was not introduced into evidence was given to the jury and a defense exhibit introduced in evidence was not given to the jury for a brief period of time during deliberations. For the reasons that will follow, the Court finds that none of these grounds raise "substantial" questions of fact or law.

Regarding the sufficiency of the evidence, the government presented substantial evidence from which a jury could find beyond a reasonable doubt that the defendant knew and understood he was involved in a conspiracy to possess with intent to distribute over 1000 kilograms of marijuana.

Briefly summarized, the government presented the following substantially undisputed facts through surveillance *tapes* and informant's testimony. The manager, organizer and leader of the conspiracy, co-defendant Theodore Lockwood, after meeting with a confidential informant, was given a key to a van containing a large quantity of marijuana imported from Jamaica to Lockwood in Miami, Florida. On the same day, Lockwood went to a Waldenbook store parking lot. Shortly thereafter defendant Pope, accompanied by another co-defendant, Jack Oiler, arrived driving a pick-up truck registered to another co-defendant. Oiler got out of the pickup truck, and spoke with Lockwood. Thereafter, Pope and Oiler drove to a remote, but public, park on the outskirts of Miami. Earlier in the day a rented Ryder truck loaded with the 2500 pounds of marijuana had been brought to the park for a controlled delivery. When Pope and Oiler arrived at the park, they exited their vehicle and went over to the Ryder truck, and attempted to start it. Both Oiler and Pope got into the cab portion of the Ryder truck at different times. According to the agents, the odor of marijuana was very strong in both the cab and container section. Their efforts to start the vehicle were unsuccessful. Pope and Oiler left the scene and drove Pope's vehicle to a campground near Pope's residence. Meanwhile, an informant who was with Lockwood during these events testified that Lockwood received several calls that evening which were made from Pope's cellular car phone. The next morning, Pope and Oiler returned to the Ryder truck, and attempted unsuccessfully to jump start the vehicle. Finally after leaving the truck and later returning, the defendant successfully started the vehicle, and Oiler drove the Ryder truck away from the scene, followed by Pope in the pickup truck.

Oiler in the Ryder truck and Pope in the pickup truck drove to a campground in

South Dade, and then drove to a local general store. Oiler got out of the Ryder truck and into Pope's pickup, and the two drove around the area, apparently trying to determine if they were under surveillance.

Pope then dropped off Oiler and drove away. He returned approximately twenty minutes later, picked up Oiler and drove to the Waldenbook store parking lot where they were arrested. These facts, and the reasonable inferences which can be drawn from these facts, constitute substantial evidence of the defendant's knowledge and participation in a drug conspiracy.

In addition to the facts surrounding the charged incident, evidence was presented under Fed.R.Evid. 404(b) of a prior load of 1000 pounds of marijuana in 1989 in which Lockwood, Oiler and Pope had imported and unloaded at Pope's house.

The other grounds raised as grounds for appeal, such as denial of the motion for severance, and denial of the motion to suppress statements to law enforcement agents, and a single prosecutorial comment about "defense attorneys twisting things," do not raise substantial questions of law or fact. There was no spillover effect or other evidence of prejudicial effect by the joinder of the defendants. Additionally, the jury acquitted Pope of the charge of conspiracy to import which demonstrates the jury could separate the evidence as it applied to separate counts and separate defendants.

The so-called "late payments" to informants, in light of the fact that Pope's attorney knew that both informants testifying at trial had been paid money by the Government does not rise to a "substantial question" under *Giancola*.

The ground for appeal based on the agents' testimony that the boxes in Pope's residence "might have been used" for the expected marijuana is not a "substantial question," as the agent testified from his experience as a law enforcement officer and could not conclusively state what the boxes were used for, where they came from or whether or not some or all were empty.

Finally, a map of the area Pope and Oiler travelled, Government's Exhibit 26, used as a demonstrative exhibit at trial was inadvertently sent to the jury room although not admitted into evidence. At the same time, it became apparent that a sketch of the vehicles' location in the Waldenbook parking lot, Defendant Pope's Exhibit 2, was not initially given to the jury. Immediately upon learning of the mixup, however, the Court ordered Government Exhibit 26, the map, removed from the jury room, and Defendant Pope's Exhibit 2, the sketch, sent to the jury room. In view of the fact that the jury had seen the Government's map, Exhibit 26, many times and knew it was not drawn to scale, there was no harm in it being sent to the jury room. This issue is neither "substantial," nor a "close question."

The Court finds, therefore, that the defendant has failed to raise any issues that raise a substantial question of law or fact likely to result in a reversal or order for a new trial, or a sentence that does not include a term of imprisonment. 18 U.S.C. § 3142(b)(2).

Third, the defendant has failed to offer any clearly "exceptional reasons" why his incarceration would not be appropriate. The defendant relying on *DiSomma* argues that the substantive challenges he has raised on appeal constitute "exceptional reasons" for staying execution of his sentence. In *DiSomma*, however, the District Court found that the defendant had satisfied the requirements of 3143(b) and that this constituted "exceptional reasons" under 3145(c). In contrast, this Court has already determined that defendant's appeal does not raise substantial issues of law or fact and therefore these issues can not be the basis for a finding that "exceptional reasons" exist for releasing the defendant pending his appeal. Because the defendant has not offered any other grounds why his detention would not be appropriate he has failed to satisfy the requirements of 3145(c).

Thus, the defendant has failed to satisfy any of the three criteria necessary to warrant his release pending appeal.

Accordingly, it is ORDERED and AD-JUDGED that the defendant's motion for a stay of imposition of sentence pending appeal is DENIED. The defendant shall report to the Bureau of Prisons facility as designated by the United States Marshal within twenty (20) days from the date of entry of this Order.

DONE and ORDERED.