UNITED STATES of America

v.

Shirley MONCRIEF

No. CR. 99–137–N.

United States District Court,
M.D. Alabama,
Northern Division.

Oct. 22, 2003.

Louis V. Franklin, Sr., Terry F. Moorer, U.S. Attorneys, U.S. Attorney's Office, Montgomery, AL, for United States of America.

Barry Elvin Teague, Montgomery, AL, Susan Graham James, Denise Arden Simmons, Susan G. James & Associates, Jason James Baird, Slaten & O'Connor, PC, Montgomery, AL, for Shirley Moncrief.

## ORDER

MYRON H. THOMPSON, District Judge.

On February 6, 2003, defendant Shirley Moncrief was convicted by a federal jury of being a felon in possession of a firearm, in violation of 18 U.S.C.A. § 922(g). On July 23, 2003, she was sentenced to a 50–month term of imprisonment, and was instructed to report to the Bureau of Prisons on September 3, 2003. Moncrief surrendered to federal custody on August 1, 2003. Moncrief now requests that she be released on bond pending appeal. For the reasons that follow, Moncrief's motion will be granted.

The Bail Reform Act of 1984, 18 U.S.C.A. § 3143, provides that the district court shall order detention of a person who has been convicted and sentenced to a term of imprisonment. Under § 3143, the court presumes that detention is valid despite a pending appeal, and the defendant bears the burden of overcoming that presumption and proving that release is appropriate. *Morison v. United States,* 486 U.S. 1306, 108 S.Ct. 1837, 100 L.Ed.2d 594 (1988) (Rehnquist, Circuit Justice); *United States v. Giancola,* 754 F.2d 898, 901 (11th Cir.1985) (per curiam), *cert. denied,* 479 U.S. 1018, 107 S.Ct. 669, 93 L.Ed.2d 721 (1986). In order to grant a defendant's motion for release pending appeal, the district court must make the following findings:

"(A) by clear and convincing evidence that the person is not likely to flee or pose a danger to the safety of any other person or the community if released . . . ; [and]

(B) that the appeal is not for the purpose of delay and raises a substantial

question of law or fact likely to result in—

(i) reversal,

(ii) an order for a new trial,

(iii) a sentence that does not include a term of imprisonment, or

(iv) a reduced sentence to a term of imprisonment less than the total of the time already served plus the expected duration of the appeal process."

18 U.S.C.A. § 3143(b)(1). The burden of proving these findings lies with the defendant. *Giancola*, 754 F.2d at 901.

■ The Eleventh Circuit Court of Appeals has defined a substantial question of law for purposes of § 3143 in the following manner:

"[A] 'substantial question' is one of more substance than would be necessary to a finding that it was not frivolous. It is a 'close' question or one that very well could be decided the other way. Further, there are no blanket categories for what questions do or do not constitute 'substantial' ones. Whether a question is 'substantial' must be determined on a case-by-case basis."

*Giancola*, 754 F.2d at 901. In order to be released pending her appeal, then, Moncrief would have to show by clear and convincing evidence that she is not a flight risk or a danger to the community or appealing for the sake of delay, and that she is raising a substantial question of law on appeal that is likely to result, for example, in reversal or new trial.

In this case, the court has repeatedly found that Moncrief is not a flight risk or a danger to the community. Moncrief was free on bond pending trial for almost a year, and when her conviction was vacated she was released again pending retrial. This court also found she was not likely to pose a danger or to flee when it ordered her released after her sentencing pending voluntary surrender. Therefore, the court finds by clear and convincing evidence that Moncrief is not a flight risk, nor a danger to society.

■ The court thus turns to the second question: whether Moncrief's appeal raises a substantial issue or is pursued merely for delay. Moncrief was convicted by a federal jury after a trial lasting 13 days, in which two other defendants were joined. This was the second trial that Moncrief faced; her first trial resulted in a conviction, but that conviction was vacated by this court. To say the least, this second trial was complex and presented thorny legal issues. In an order granting Moncrief's codefendant Clarence Clay's motion to remain on bond pending appeal, this court held that some of the issues Clay raised were "substantial" and presented "close questions." [1] Moncrief now raises one of the same issues, and accordingly this court holds again that it is a substantial question. Specifically, Moncrief maintains that the prosecutor improperly informed the grand jury (which issued the superceding indictment on which Moncrief's second trial was based) that Moncrief had been previously indicted and convicted of the charges pending in front of them. The court resolved this issue in the government's favor without the benefit of clear Eleventh Circuit precedent. Therefore, this issue on appeal presents a "substantial" question, as it "could be decided the other way." *Giancola*, 754 F.2d at 901. Further, if this issue were decided in Moncrief's favor, it would result in her sentence being vacated.

■ Defendants who are convicted of certain serious crimes cannot be released

---

1. Order granting Clay's motion to be released on bond pending appeal, filed Apr. 25, 2003

(Doc. No. 835).

on appeal unless they make an additional showing. 18 U.S.C.A. § 3145(c) provides that "A person subject to detention pursuant to ... section 3143(b)(2), and who meets the conditions of release set forth in section 3143(a)(1) or (b)(1), may be ordered released, under appropriate conditions, by the judicial officer, if it is clearly shown that there are exceptional reasons why such person's detention would not be appropriate." This applies to, among others, a "crime of violence." 18 U.S.C.A. §§ 3143(b)(2), 3142(f)(1)(A). If "felon in possession of a firearm" is a "crime of violence" as the Bail Reform Act defines that term, then, Moncrief would have to show "exceptional reasons" why she should be released.[2]

The Bail Reform Act, 18 U.S.C.A. § 3156(a)(4), defines a "crime of violence" as follows:

"(4) the term 'crime of violence' means—

(A) an offense that has an [sic] element of the offense the use, attempted use, or threatened use of physical force against the person or property of another,

(B) any other offense that is a felony and that, by its nature, involves a substantial risk that physical force against the person or property of another may be used in the course of committing the offense, or

(C) any felony under chapter 109A, 110, or 117."

The Eleventh Circuit Court of Appeals has not ruled on this precise issue, but has held, in interpreting a different statute with substantially the same definition of "crime of violence," that "felon in possession of a firearm" was not a "crime of violence." *United States v. Flennory,* 145 F.3d 1264, 1268 (11th Cir.1998), *overruled on other grounds, United States v. Brown,* 332 F.3d 1341 (11th Cir.2003). The statute at issue in *Flennory,* 18 U.S.C.A. § 924(c)(3), defines "crime of violence" thus:

"(3) For the purposes of this subsection the term 'crime of violence' means an offense that is a felony and—

(A) has as an element the use, attempted use, or threatened use of physical force against the person or property of another, or

(B) that by its nature, involves a substantial risk that physical force against the person or property of another may be used in the course of committing the offense."

This definition varies slightly from that in § 3156(a)(4). However here, these differences are not relevant to the question of whether "felon in possession of a firearm" is a "crime of violence," because this offense fits only the definitions of § 924(c)(3)(B) and § 3156(a)(4)(B), and these sections contain the same language; they both define a "crime of violence" as a

---

**2.** 18 U.S.C.A. § 3143(b)(2) states that a judicial officer "shall order" the detention of defendants who are sentenced to a term of imprisonment for certain crimes, including a crime of violence. However, most courts that have considered the issue have concluded that § 3145(c) is an exception to the detention that § 3143(b)(2) seems to mandate. *See United States v. Pope,* 794 F.Supp. 372, 373 (S.D.Fla. 1992), *aff'd,* 993 F.2d 1553 (11th Cir.1993) (table); *see also United States v. Herrera–Soto,* 961 F.2d 645, 647 (7th Cir.1992); *United States v. Terrence McCabe,* 940 F.2d 646 (1st Cir.1991); *United States v. DiSomma,* 951 F.2d 494 (2d Cir.1991); *United States v. Carr,* 947 F.2d 1239, 1240 (5th Cir.1991); *United States v. T.J. Thompson,* 951 F.2d 351, 1991 WL 256556 (6th Cir.1991); *but see In re Sealed Case,* 242 F.Supp.2d 489, 494 (E.D.Mich.2003); *United States v. Chen,* 257 F.Supp.2d 656 (S.D.N.Y.2003); *United States v. Salome,* 870 F.Supp. 648, 652–53 (W.D.Pa. 1994), *aff'd,* 96 F.3d 1436 (3d Cir.1996) (table); *United States v. Nesser,* 937 F.Supp. 507, 508–09 (W.D.Pa.1996).

felony that "by its nature, involves a substantial risk that physical force against the person or property of another may be used in the course of committing the offense."

In finding that "felon in possession of a firearm" was not a "crime of violence" within the meaning of § 924(c)(3), the Eleventh Circuit relied upon, and thus appears to have found persuasive the reasoning of, the decision of the Ninth Circuit Court of Appeals in *United States v. Canon*, 993 F.2d 1439 (9th Cir.1993). In *Canon*, the Ninth Circuit reasoned that "[c]ommission of the crime [of felon in possession of a firearm] requires no act other than possession of the firearm nor, consistent with interpretations given similar provisions, does it pose a 'substantial risk' that physical force may be used against a person or property." *Id.* at 1441. That reasoning applies with equal force here.

Additionally, the majority of federal courts of appeals to consider whether a conviction for "felon in possession of a firearm" is a "crime of violence" under § 3156(a)(4) have found that it is not. *United States v. Twine*, 344 F.3d 987 (9th Cir.2003); *United States v. Lane*, 252 F.3d 905 (7th Cir.2001), *United States v. Singleton*, 182 F.3d 7 (D.C.Cir.1999); *contra United States v. Dillard*, 214 F.3d 88 (2d Cir.2000); *see also United States v. Shirley*, 189 F.Supp.2d 966, 968 (W.D.Mo.2002) (citing twelve district court cases holding that "felon in possession of a firearm" is a crime of violence). The majority of circuit courts reasoned that, while a felon in possession of a firearm might commit a violent offense with the firearm, the possession itself is not violent. "A crime that increases the likelihood of a crime of violence need not itself be a crime of violence." *Lane*, 252 F.3d at 907. Following this reasoning and the Eleventh Circuit's decision in *Flennory*, this court concludes that "felon in possession of a firearm" is not a "crime of violence," and therefore that

Moncrief need not show "extraordinary reasons" why she should be released.

Finally, this case presents the circumstance that Moncrief has already voluntarily surrendered herself to federal custody and now seeks to be released pending her appeal. However, nothing in the language of the highly reticulated statutes governing release pending appeal suggests that this fact precludes release if all the other statutory factors are satisfied.

Accordingly, it is ORDERED as follows:

(1) The motion for release pending appeal made by defendant Shirley Moncrief on September 30, 2003 (Doc. No. 912), is granted.

(2) Defendant Moncrief's release is under the same bond and conditions imposed by the United States Magistrate Judge on July 25, 2002, excluding the electronic monitoring component.