UNITED STATES of America

v.

**Joanna Nicole HOOKS.**

**Criminal Action No. 2:04cr9–T.**

United States District Court,
M.D. Alabama,
Northern Division.

Aug. 12, 2004.

John M. Poti, Prattville, AL, for Defendant.

John T. Harmon, Leura Garrett Canary, Matthew S. Miner, U.S. Attorney's Office, Montgomery, AL, for Plaintiff.

### ORDER

MYRON H. THOMPSON, District Judge.

Defendant Joanna Nicole Hooks was found guilty on August 10, 2004, of possession of cocaine base in violation of 21 U.S.C.A. § 844(a). This case is now before the court on Hooks's oral motion for her release pending sentencing, which is set for November 15, 2004. For the following reasons, the motion is granted to the extent that Hooks shall be released for

one month, that is, until September 10, 2004, so as to allow her to make provisions for the care of her three minor children.

■ The Bail Reform Act of 1984 provides that the district court shall order detention of a person who has been convicted of "an offense for which a maximum term of imprisonment of ten years or more is prescribed in the Controlled Substances Act (21 U.S.C. 801 et seq.)," 18 U.S.C.A. §§ 3143(a)(2) & 3142(f)(1)(C), unless the court finds:

"(1) that there is a substantial likelihood that a motion for acquittal or new trial will be granted"; or

"(2) that an attorney for the government has recommended that no sentence of imprisonment be imposed on the person"; and

"(3) that, by clear and convincing evidence, the person is not likely to flee or pose a danger to any other person or the community."

18 U.S.C.A. § 3143(a)(2). Under § 3143, the court presumes that detention is valid, and the defendant bears the burden of overcoming that presumption and proving that release is appropriate. *United States v. Manso–Portes*, 838 F.2d 889 (7th Cir. 1987) (per curiam) (release pending sentencing); *cf. United States v. Giancola*, 754 F.2d 898, 900–01 (11th Cir.1985) (per curiam) (release pending appeal); *United States v. Moncrief*, 289 F.Supp.2d 1311 (M.D.Ala.2003) (Thompson, J.) (same).

The offense of which Hooks was found guilty, a violation of 21 U.S.C.A. § 844(a) involving more than five grams of cocaine base, carries a statutory maximum of 20 years imprisonment. Because Hooks has committed a violation of the Controlled Substances Act that carries a maximum penalty of 10 years or more, she is to be detained and is not eligible for release pending sentencing unless she can show that she is entitled to overcome the presumption of detention. With respect to the first and second factors under § 3143(a)(2), there is neither a substantial likelihood that any motion for acquittal or new trial will be granted nor any indication as of this date that the government has rejected a sentence of imprisonment. Consequently, § 3143(a)(2) requires that Hooks be detained.

■ However, Hooks has also invoked 18 U.S.C.A. § 3145(c). This statute provides that "[a] person subject to detention pursuant to section 3143(a)(2) or (b)(2), and who meets the conditions of release set forth in section 3143(a)(1) or (b)(1), may be ordered released, under appropriate conditions, by the judicial officer, if it is clearly shown that there are exceptional reasons why such person's detention would not be appropriate." Even though § 3145(c) is captioned "Review and appeal of a release or detention order," courts that have addressed the issue have held that the section applies to the judicial officer initially ordering mandatory detentions as well. *See, e.g., United States v. Mostrom*, 11 F.3d 93, 95 (8th Cir.1993) (accepting without analysis that district court may consider whether exceptional reasons exist to release a defendant under § 3145(c)); *United States v. Jones*, 979 F.2d 804, 806 (10th Cir.1992) (concluding without stating reasons that a district court may consider whether exceptional reasons exist to release a defendant under § 3145(c)); *United States v. Herrera–Soto*, 961 F.2d 645, 647 (7th Cir.1992) (finding term "judicial officer" in the statute encompasses both lower courts and courts of appeal); *United States v. DiSomma*, 951 F.2d 494, 496 (2d Cir.1991) (accepting without analysis that district court may consider whether exceptional reasons exist to release a defendant under § 3145(c)); *United States v. Carr*, 947 F.2d 1239, 1240 (5th Cir.1991) (court stated it saw "no reason why Congress would have limited" exceptional reasons

test "to reviewing courts ... despite its inclusion in a section generally covering appeals").

■ Having established that § 3145(c) applies to Hooks's situation, the court must next determine whether Hooks meets § 3145(c)'s three conditions: (1) she is "subject to detention pursuant to section 3143(a)(2) or (b)(2)"; (2) she "meets the conditions of release set forth in section 3143(a)(1) or (b)(1)"; and (3) "there are exceptional reasons" why her detention "would not be appropriate."

FIRST CONDITION: As discussed above, Hooks is subject to detention pursuant to § 3143(a)(2).

SECOND CONDITION: Section 3143(a)(1) provides that, in order to release a defendant, the court must find "by clear and convincing evidence" that the defendant "is not likely to flee or pose a danger to the safety of any other person or the community if released...." From Hooks's post-arrest, pre-trial release from prison on February 10, 2004, until her appearance at trial on August 9, 2004, she deviated on only a few minor occasions from the conditions of her release. According to her release status report, dated August 9, 2004, these deviations included using a cordless telephone that interfered with the electronic monitoring equipment and engaging in a verbal altercation with another woman. Given Hooks's limited financial resources ($800 monthly income) and her three young dependent children, the court concludes that neither escape nor danger to another individual or to the community is a risk posed by Hooks's temporary release.

THIRD CONDITION: The court also finds that Hooks has shown "exceptional reasons" why detention would not be appropriate. Section 3145(c) does not define "exceptional reasons" and the "legislative history on the issue is sparse and uninformative." *United States v. DiSomma,* 951

F.2d 494, 497 (2d Cir.1991). Despite the ambiguity of the phrase, courts have agreed that a "defendant's incarceration regularly creates difficulties for him and his family" and have consequently held "that such purely personal considerations do not constitute exceptional reasons within the meaning of Section 3145(c)." *United States v. Mahabir,* 858 F.Supp. 504, 508 (D.Md.1994). *See also United States v. Burnett,* 76 F.Supp.2d 846, 849–50 (E.D.Tenn.1999) (citing multiple cases in which personal family hardships have not constituted "exceptional reasons" under § 3145(c)).

■ Yet "in combination with other factors, family circumstances may warrant release pending sentencing pursuant to § 3145(c)." *United States v. Lippold,* 175 F.Supp.2d 537, 540 (S.D.N.Y.2001). In the instant case, it is not the fact that Hooks is a single mother of three children, aged 2, 5 and 7, that constitutes "exceptional reasons." Rather, the "exceptional reasons" are found in the fact that absolutely no arrangements have yet been made for her young children's care—whether short or long-term—during Hook's detention. The court emphasizes that it is not excusing Hooks for her failure to make arrangements for her children; her failure to do so is, indeed, inexcusable. However the immediate detention of Hooks would leave her three children vulnerable to whatever care they could find upon a moment's notice; her immediate detention would punish her children. It is the circumstances of Hooks's children that constitute the "exceptional reasons."

Therefore, the court will not release Hooks until her sentencing on November 15, 2004; she is not entitled to that. The court will, however, release her for one month, that is, until September 10, 2004, so as to allow her to make provisions for

the care of her three minor children; her three children are entitled to that.

Accordingly, it is ORDERED that defendant Joanna Nicole Hooks's oral motion for release pending sentencing is granted to the extent that defendant Hooks is released until noon on September 10, 2004, under the same conditions as those set by United States Magistrate Judge Vanzetta P. McPherson on February 10, 2004 in her order setting conditions of release for defendant Hooks.

At the aforementioned time and date, defendant Hooks shall be committed to the custody of the Attorney General of the United States or her authorized representative for confinement in a corrections facility under the following conditions:

(a) Her confinement shall be separate, to the extent practicable, from persons awaiting or serving sentences or being held in custody pending appeal;

(b) She shall be afforded reasonable consultation with her counsel; and

(c) On order of a court of the United States or at the request of an attorney for the government, persons in charge of the corrections facility shall deliver defendant Hooks to a United States Marshall for the purpose of an appearance in connection with a court proceeding.